Jansen et al. v. Effey.

---

## JANSEN et al. v. EFFEY.

1. JUDGMENT IN REPLEVIN. When the verdict in an action of replevin is for the defendant, judgment cannot be rendered against the principal and sureties on the bond for damages.

2. SEVERAL JUDGMENTS. Judgment may be rendered against one or more of several defendants sued jointly on a joint and several contract. *Semble*, that a judgment of the District Court against several defendants, may be reversed as to one and affirmed as to the others.

3. JUDGMENT FOR RETURN. In replevin the judgment for the defendant should order a return of the property. A judgment for damages alone, is erroneous, unless the reasons why a return of the property is not ordered are therein stated. *Funk & Hardman* v. *Israel*, 5 Iowa 440, explained.

4. PLEADINGS IN REPLEVIN. The allegations of a petition in replevin, if in the language of the statute are sufficient; and the denial thereof raises an issue which is divested of the technical effects that followed pleadings in replevin at common law.

*Appeal from Scott District Court.*

SATURDAY, DECEMBER 24.

JANSEN sued Effey in replevin for personal property, alleged to be of the value of five hundred dollars, and filed a replevin bond with Theodore Oelkers and H. Holm, as sureties. The sheriff executed the writ by delivering the property to the plaintiff. Effey answered, denying the allegations of wrongful detention; of property in the plaintiff; and of exemption from seizure under the execution in the hands of the defendant as coroner. The jury returned a verdict for the defendant, " for the sum of three hundred and thirty-six dollars and thirty-seven cents." Judgment was therefore rendered in favor of Effey against Jansen the plaintiff, and Oelkers and Holm the sureties, jointly, for the above sum and costs. Jansen, Oelkers and Holm appeal.

The appellants assign as error :   1, The rendition of judgment against the two sureties in the replevin bond; 2, the judgment for the money, or damages, instead of one for a return of the property, and 3, the rendering any judgment against the appellants, or any of them, other than one for costs.

*Gurley & Rogers* for the appellant, contended :   1, That the judgment against the plaintiff and his sureties on the replevin bond was erroneous.   2. That the proper judgment for the defendant in replevin is *pro retorno habendo*, not for the value of the property in damages; 7 Bac. Abr. Tit. Replevin; *White* v. *Loyd*, 5 Blackf. 390 ; *Wolff* v. *Blue*, 5 Ib. 153; *Hopewell* v. *Price*, 2 Har. & Gill. 275 ; *Pannell* v. *Hampton*, 10 Ird. Law 463.   3. That the judgment being *joint and entire* against Jansen and the sureties, if erroneous as to either it must be reversed *in toto; Richards* v. *Walton*, 12 John. 434; *Arnold* v. *Sandford*, 14 Ib. 417 ; *Cruikshank* v. *Gardner*, 2 Hill 333 ; *Cavender* v. *Heirs of Smith*, 5 Iowa 157.   4. That the answer in this case was merely equivalent to the plea of *non cepit*, under which it is well settled that the defendant is not entitled to a judgment for a return of the property ; 1 Chit. Pl. 164, 499 ; *People* v. *Niagara*, C. P. 4 Wend. 217; *Simpson* v. *McFarland*, 18

Pick. 427; *Whitwell* v. *Wells*, 24 Ib. 25; *Johnson* v. *Howe*, 2 Gil. 342; *Bonner* v. *Coleman*, 3 B. Mon. 464.

*James T. Lane* for the appellee, cited *Funk & Hartman* v. *Israel*, 5 Iowa 454.

WOODWARD, J.—The judgment rendered against the sureties is erroneous and must be reversed.   The counsel aim to support this judgment, by the argument that one condition of the bond is broken the moment the jury render a verdict for damages against the plaintiff.   This may be so, and yet it does not follow that judgment may be rendered instantly against the sureties.   Upon principal they are entitled to their day in court.   This is the law where there is no statute to intervene, authorizing a judgment.   The instance referred to, of giving judgment against the sureties in an appeal bond, is by virtue of the statute only, and there may be reasons for permitting it in this case which do not exist in the other.

But it does not follow from this that the judgment against Jansen should be reversed.   It would be so at the common law, but our statute, section 1816, allows judgment to be rendered against a part of several defendants, even though sued jointly upon a joint and several contract.   This would *seem* to change the law in regard to the reversal of a judgment as to part of several defendants.   But the present case is different from this.   Oelkers and Holm are not parties, they are not sued, but are erroneously brought into the suit by the judgment.   The law might well forbid the reversal of a judgment as to part only of those who have been sued together, and yet permit it in respect to persons situated as these sureties are.   We perceive no reason why, under the law of this State, the judgment should not be permitted to stand against Jansen so far as this objection is concerned.

The second assignment of error is the rendition of judgment for a sum of money, or for damages, instead of one for a return of the property.   As under the common law,

so under ours, a judgment for a return is the proper one. For the common law, see 7 Bac. Ab. Tit. Replevin L; *White* v. *Floyd,* 3 Blackf. 390; *Wolff* v. *Blue,* 5 Ib. 153; *Pannell* v. *Hampton,* 10 Ird. Law 463; *Hopewell* v. *Price,* 2 Har. & Gill. 275.

But the defendant asks, what if the property has been destroyed, or converted, or it is agreed between the parties that judgment for the value shall be rendered, or that for any reason the property cannot be returned.

The answer to this is, that if any of these circumstances exist, the entry of the judgment should show it. When the plaintiff fails to maintain his right, the law calls for a return of the property to the hands of the defendant, and if anything is shown in the progress of the cause why this can not, or should not be ordered, such facts should be made to appear in the judgment in order to account for there being no judgment for a return.

The case of *Funk et al.* v. *Israel,* 5 Iowa 440, is misapprehended by the defendant. This does not hold that the damages intended in section 2001 of the Code are the value of the property. Section 2000 clearly indicates that a judgment for return is the proper one, 2001 means that the defendant shall, besides that, recover damages, when the plaintiff fails to support his claim. That case holds nothing inconsistent with this view. It presented a very peculiar state of facts. But a judgment was then rendered which seems to be countenanced by section 2000. It was a judgment that the plaintiffs return the property taken, and in default thereof, that defendants recover of plaintiffs a sum of money which was admitted to be the value of the property. This was the same as if the value had been found by the jury. For the purposes of the present inquiry it is not material whether that is a proper form of judgment, or whether it should be for a return only, in the first instance, leaving the defendant to resort to his bond, if the property is not forthcoming. In the present case there is no judgment for a return, but there is one for a sum of money, but

the record does not show whether this is for the value of the property, or for damages only.   It may be inferred, perhaps, that the judgment is for the value, but if such an one may be rendered, the record should show why it is thus, and why there is none for a return.

The third assignment is that the court erred in rendering any judgment against the appellants, or either of them, other than one for costs.   The plaintiff argues that the answer amounts only to the plea of *non cepit*, which puts in issue only the taking and does not deny property in the plaintiff, and that, to entitle the defendant to this judgment or to one for a return he must make an avowry or cognizance.

The peculiar common law pleadings in replevin do not exist under our present system.   In order to constitute the plaintiffs' right on the face of his petition, he is to allege certain things, such as the right of possession, which may include that of property, the wrongful detention, and that it was not taken by legal process, or if it was, that it was exempt.   A denial of these and putting them in issue, is sufficient, and the plaintiff is to maintain his claim and right set up in the petition, and there is no such technical effect to be given the answer as was given to some of the common law pleas.   In this respect there is no error.   See the case, *Hall* v. *Smith et al., ante.*