## WILKINS v. TREYNOR *et al.*

1. JURY: ASSESSMENT OF DAMAGES. Where on plaintiff's motion an action of replevin is dismissed, and is again reinstated on defendant's motion, for the assessment of damages, the plaintiff is treated as a party in default and cannot demand a jury.

2. SAME. The right of trial by jury is not secured to a party who is in default, or who has dismissed his action.

3. JUDGMENT IN REPLEVIN. Under §§ 3554 and 3563 of the Revision of 1860, the defendant in replevin may, after the action is dismissed by the plaintiff, have an alternative judgment for a return of the property or the amount of his damages, against both the principal and sureties on his bond.

4. CASE FOLLOWED. *Jansen* v. *Effey et al.*, 10 Iowa, 227, as to pleadings in replevin approved and followed.

5. EVIDENCE IN THE RECORD. When the record does not disclose all of the evidence the Supreme Court will not review an assessment of damages in replevin by the court below.

*Appeal from Pottawattamie District Court.*

MONDAY, DECEMBER 29.

REPLEVIN. The facts are stated in the opinion of the Court.

*F. Street* and *Brown & Sibley* for the appellant.

*Stone* and *Clinton* for the appellees.

WRIGHT, J. — Replevin. After the service of the writ and the delivery of the property to the plaintiff, he appeared before the Clerk and dismissed his action, as he was authorized to do under § 3131 of the Revision of 1860. The costs were all paid, and the Clerk made the proper order of dismissal on the record. At the next term defendant moved to have the cause reinstated, for the purpose of assessing his damages. Plaintiff thereupon appeared and demanded a jury trial. This was refused and such refusal is now assigned for error.

Our statute does not provide, as did the act under which the case of *Harman* v. *Goodrich*, 1 G. Greene, 13, was decided, that if the plaintiff discontinued his action, the court on application of defendant shall impannel a jury to inquire into the right of property and the right of possession of said defendant to the goods in controversy. It gives a plaintiff the right, in this action, as in all others, to dismiss it, without thereby depriving the defendant of his right to have his damages assessed, or, in a proper case to proceed upon a set-off, cross-demand or cross-claim, (§§ 3129–3131.) If a party dismiss his action, then can he, upon the assessment of defendant's damages, claim a trial by jury? We think not.

Generally an issue arises upon a material allegation of fact in a petition or answer, and denied by answer or rep-

lication. The object of a trial (without now considering the trial of an issue of law,) is to judicially examine the issue of fact thus made. Such an issue is to be tried by a jury, unless a jury trial is waived. (Revision of 1860, §§ 2994–2997, 2998.) Section 3151, after providing in case of default, for the manner of assessing damages, where the action is for a money demand, declares that: "In other cases, the Court shall assess the damages, unless a jury be demanded by the party not in default. The party in default may appear at the time of the assessment, and cross-examine the witnesses against him, but for no other purpose."

These provisions certainly indicate that the right to a jury trial is not secured to a party in default, or who has dismissed his action. When there is an issue to be tried, either party may demand a jury. If there is no issue, and it is a mere inquiry into the damages sustained by the party not in default, the party who has lost or failed to secure a standing in Court, cannot, as a matter of right, claim to be heard, as if he was diligently prosecuting or defending the action. The right of trial by jury, guaranteed by the constitution, may be lost or waived, by the act or consent of a party. This right is not an attribute, or inalienable in its nature and character, but rather a privilege that may be waived or forfeited. (And see *Bryan* v. *The State*, 4 Iowa, 349; *Boyd* v. *Ellis*, 11 Id., 97; *Cavender* v. *The Heirs of Smith*, 5 Id., 157.)

II. It is next objected, that the Court erred in rendering an alternative judgment, and in entering the same (for the money) against the sureties on the bond. The action was commenced under the Revision, and the judgment was clearly right according to §§ 3554, 3563.

III. In view of what is said as to the pleadings in an action of replevin in the case of *Jansen* v. *Effey*, 10 Iowa, 227, and the fact that the record does not disclose all the

testimony offered, we cannot say that the Court erred in the amount of damages found for defendant.

Affirmed.