## HURD v. GALLAHER.

1. EVIDENCE. Parol evidence is not admissible to contradict a mortgage.

2. SAME: UNDERSTANDING. The understanding of a witness as to what property was to be included in a mortgage is not admissible to show fraud in the execution thereof, especially where it is not shown *when* the witness had the understanding.

3. DECLARATIONS OF CONVEYANCER INADMISSIBLE. The declarations of the conveyancer who drafted a mortgage are not admissible against a mortgagee to show fraud.

4. JUDGMENT IN REPLEVIN. In an action of replevin commenced under the Code of 1851, a judgment could not be rendered for defendant and against the plaintiff and the sureties on his bond. *Jansen* v. *Effey*, 10 Iowa, 228.

5. SAME. In rendering judgment on a verdict in favor of defendant in replevin, it is not error to allow interest on the value of the property from the time it was wrongfully taken from the defendant.

*Appeal from Jefferson District Court.*

MONDAY, DECEMBER 29.

REPLEVIN for a lot of patterns, engine, smoke-pipe and other property, claimed by defendant, as sheriff, under an execution against Charles L. Hurd and one Bonesteel, in favor of John Chandler. Plaintiff claims as the vendee of said execution defendants. For the other material facts, see the opinion.

*A. M. Scott* and *Slagle & Achison* for the appellant.

*Negus & Culbertson* for the appellee.

WRIGHT, J.—It seems that, in March, 1859, Hurd and Bonesteel executed their mortgage to Chandler, upon certain lots, with their appurtenances, in the town of Fairfield. In October of that year the mortgagors sold the said premises to the plaintiff. The mortgage was foreclosed: a special execution issued and levied upon the property replevied in this action. The point in controversy is, whether the mortgage covered this property; or, if it does, in terms, whether there was fraud in so drawing the same as to include it.

By the first bill of exceptions, it seems that Bonesteel was asked this question: " State whether you were one of the parties who, on the 17th of March, 1859, executed the mortgage (referring to it); and if yea, state what understanding, if any, there was when said mortgage was given, on part of said Chandler, or any one acting for him, and on part of the mortgagors, or any of them, as to the property replevied, and as to whether said property would or would not be embraced in said mortgage." The witness answered: "I was one of the parties. C. L. Hurd had repeatedly refused to give a mortgage except upon the real estate, as it was my understanding that the property replevied should not be covered by the mortgage." To this testimony defendant objected: the objection was sustained; and this is now assigned as error.

This ruling was correct. If the testimony was offered to contradict the mortgage, of course it was inadmissible. If offered to explain, then it was properly rejected; for the witness' understanding that the property should not be covered by the mortgage was of no sort of importance, and especially so when it is remembered that he does not state when he had this understanding, or when it was that Hurd refused to give the mortgage upon anything but the lots. Then, again, this refusal could avail nothing unless made to the mortgagee or his agent. Nor would the witness'

Hurd v. Gallaher.

understanding be of any moment unless brought home to the other party to the contract. And, finally, the question calls for what took place at the time the mortgage was given; and the answer is loose and indefinite as to time, and too general and vague to be received to explain the transaction when it was concluded by the contract.

II. Darling was the agent of the mortgagee, and Stubbs the attorney who drew the mortgage. Plaintiff proposed to show what this attorney said, or what inducements he held out at the time the mortgage was executed, to prevail upon the mortgagors to sign the same. It does not satisfactorily appear that Stubbs had any other duty to perform than that of a conveyancer in drawing the writings. Darling was the agent, and to what he said there was no objection. Defendant was in no manner bound by what the conveyancer said, without more proof of a combination between them than is found in the record.

III. This action was commenced in 1859. The verdict was for defendant, and the court rendered judgment against plaintiff and his surety in the replevin bond for the amount thus returned, with interest from the commencement of the action. This was rendered in April, 1862. In rendering judgment against the surety, there was error. *Jansen* v. *Effey et al.*, 10 Iowa, 227. There was no error in allowing interest on the value of the property from the time it was wrongfully taken from the possession of the defendant by the writ of replevin. The judgment is reversed as to the surety (Comegys), and affirmed as to Hurd, at appellee's cost.