CRIST ET AL. V. FRANCIS ET AL.

1. **Replevin: PLEADING : PRACTICE.** Where, in an action of replevin, the plaintiff dismisses his petition before an answer is filed, the defendant is nevertheless to have a judgment for his interest in the property replevied. But if he files an answer, notwithstanding the dismissal, claiming other and further relief, the plaintiff should be allowed to plead thereto, and introduce evidence upon the issues thus raised. ADAMS, J., *dissenting.*

*Appeal from Clay Circuit Court.*

FRIDAY, DECEMBER 13.

ACTION in replevin. There was a judgment for defendants. Plaintiffs appeal. The facts of the case fully appear in the opinion.

*L. M. Pemberton,* for appellants.

*E. E. Snow,* for appellees.

BECK, J.—I. The petition alleges that plaintiffs are the absolute owners, and entitled to the immediate possession, of certain personal property of the value of two hundred and sixty dollars, which is wrongfully detained by defendants. It is shown that the cause of detention by defendants is based upon a chattel mortgage upon the property, to secure the payment of a note executed by plaintiffs; but it is averred that plaintiffs tendered to defendants the full amount due upon the note, and "the tender has been kept good," and that demand was made by plaintiffs upon defendants for the property.

Before the term of court plaintiffs filed with the clerk a paper dismissing the action "without prejudice." At the term the defendants filed a motion asking the court "to reinstate the cause in order that they may have their damages assessed." This motion was sustained, and thereupon, on

the same day, defendants filed their separate answers to plaintiffs' petition.   The answer of defendant Francis shows that the property was in his hands as sheriff, under proceedings to foreclose the mortgage by sale of the property.

The other defendant, Tucker, in his answer admits the value of the property to be the same as alleged by plaintiffs, but denies every other allegation of the petition.   He then avers that the property was taken upon the chattel mortgage given to secure the payment of a promissory note, and the sheriff was about to sell the property as set out in his answer. He also shows the amount due on the note, and alleges that certain costs and attorney's fees are to be added thereto, and for which they demand judgment against plaintiffs and the surety upon their bond.   After the filing of the answer, and before the trial, plaintiffs asked permission to file a petition in equity, which shows the borrowing of money from defendants, the execution of the note and chattel mortgage, the proceeding in this case, and alleges that the note is usurious, and no greater sum than twenty dollars is due defendants thereon, which plaintiffs have tendered to defendants.   It asks that defendants be enjoined from the further prosecution of the replevin action, and that the note and mortgage may be cancelled.   The plaintiffs, upon presenting this petition, asked that a temporary injunction be allowed, and that further proceedings in the replevin suit be stayed. . But the court refused to permit the petition to be filed, and would not grant the temporary injunction, "for the reason" (using the language of the abstract) "that this cause was before the court at the time, and the court could not stop to consider the petition." The court proceeded to try the case upon defendants' answers, and the proceedings are set out in the bill of exceptions in the following language :

"The plaintiffs, upon the trial and hearing of said cause, offered to introduce evidence showing that defendants had no interest in the property replevied, and had not sustained any

Crist v. Francis.

damages by reason of said replevin action, which evidence the court refused to hear or permit to be introduced. * * The court refused to permit plaintiffs to file any pleadings, or to introduce any evidence to show defendants' interest in said replevied property, for the reason that plaintiffs, by dismissing their replevin action, were in default, and had no right in court except to cross-examine defendants' witnesses."

During the progress of the trial, and afterward and before judgment, the plaintiffs repeated their offer to file their petition in equity, and asked that it be considered by the court, but were refused.

II. The Circuit Court, we think, did not err in refusing to consider the petition in equity which plaintiffs offered to file. We need give no other reason than this. The relief sought by plaintiffs in the petition ought, as we shall presently see, to have been granted in this proceeding in the action without resort to equity. The plaintiffs, having a remedy at law, were not authorized to institute the proceeding in chancery.

III. The court below, we think, erred in denying plaintiffs' right to file pleadings and introduce evidence to show 1. REPLEVIN: defendants' interest in the property replevied. pleading: practice. We think it cannot be doubted that, in the absence of a statute, the defendants would have had no right to recover for their interest in the property, after plaintiffs dismissed their action, by the proceedings which were followed in this case. They would have been required to bring action on the replevin bond, or recover the property by an action for that purpose. The remedy pursued in this case, viz., the determination of the right of the defendants, and its value and the rendition of judgment therefor, exists by virtue of Code, § 3239, which is as follows:

"Section 3239. The judgment shall determine which party is entitled to the possession of the property, and shall designate his right therein, and if such party have not the possession thereof, shall also determine the value of the right of

such party, which right shall be absolute as to an adverse party having no right in such property, and shall also award such damages to either party as he may be entitled to for illegal detention of such property."

This provision is authority for a defendant in replevin recovering "the value of his right" in the property by a judgment therefor, to be enforced by execution. We must consider the rights of the parties under this statute. The defendants may recover the value of their interest, and nothing more. This will not be denied when applied to cases wherein there were issues involving the right of defendants. How is it in this case, where plaintiffs, having dismissed their action, are regarded as being in default? See *Wilkins v. Treynor*, 14 Iowa, 391.

We presume that, as the statute authorizes the defendant to recover the value of his right, the plaintiff cannot defeat him of his remedy in the action by dismissing the suit. The statute quoted would thereby be defeated. It provides that the judgment shall determine which party is entitled to the possession, and shall determine the value of his right. To enforce this provision we must hold that the dismissal of the action cannot deprive the defendant of the remedy of judgment for the value of his right in the property. The cause, therefore, should not be finally disposed of upon the dismissal, but should be retained for the purpose of settling defendant's right. This was done in this case. We think the proceeding intended to determine the value of defendant's right—that is, to assess his damage—was correct.

Plaintiffs, having dismissed their action, admit, it may be conceded, defendants' right to recover, and may be regarded as being in default (*Wilkins v. Treynor*, 14 Iowa, 391); but they cannot be regarded in default as to matters not pleaded when they made default. Their default cannot bind them as to matters afterward pleaded by the other party. They could not have admitted such matters.

The answer of defendants sets up their interest in the

Crist v. Francis.

property. That interest had not been before pleaded. Plaintiffs did not admit it as pleaded in the answer. The defendants, upon this answer, claimed relief. Surely the rules of pleading will not bind plaintiffs as admitting the right to the relief claimed in defendants' answer, filed after plaintiffs made default.

The case is not unlike that wherein a cross-petition is filed setting up a counter-claim. The dismissal of the original petition would not be taken as an admission of the counter-claim.

We conclude that plaintiffs ought to have been permitted to plead to defendants' answer and introduce evidence upon the issue thus raised. Our conclusion reaches just results, and prevents the necessity of other actions, either at law or in equity, in order to attain justice. The defendants in this case ought not to recover more than the value of their rights to the property. By determining that right in this case justice is speedily administered, and further legislation avoided— results to be attained if possible.

*Wilkins v. Treynor*, 14 Iowa, 391, is not in conflict with this decision. In that case the defendants did not answer the petition. Whatever plaintiff admitted by his default were such matters as would have been raised by an issue upon the petition. In this case the court below held that plaintiffs admitted matters put in issue by an answer. The point decided in that case is that defendant therein was not entitled to a trial by jury. In these respects the case is distinguishable from the one before us.

The judgment of the District Court is

REVERSED.

ADAMS, J., *dissenting.*