## BAYLIES v. POLK COUNTY.

1. **Attorney:** APPOINTED IN CRIMINAL CASES: FEES IN THE SUPREME COURT. An attorney duly appointed to defend a person in the District Court, may, in his discretion, present the case on appeal to the Supreme Court, and recover from the county therefor an enlarged compensation, graduated on a scale corresponding to the price fixed for the trial in the District Court.

*Appeal from Polk Circuit Court.*

MONDAY, APRIL 24.

ACTION at law. Trial to the court, judgment for the plaintiff, and both parties appeal.

*Baylies & Baylies*, for appellant.

*L. G. Bannister*, for appellee.

SEEVERS, CH. J.—The plaintiff is an attorney at law, and was appointed by the District Court of Polk county to defend one House, who was indicted in said court for a felony. The plaintiff discharged the duty imposed on him by the appointment. House was found guilty, and the court fixed the plaintiff's compensation for the services performed at the sum of ten dollars, which was paid by the defendant. Various exceptions to the rulings of the District Court on the trial were taken, and the plaintiff, acting under said appointment, and at the request of said House, appealed the cause to the Supreme Court, in which court the plaintiff appeared and made an argument in behalf of said House. For his services in the Supreme Court the plaintiff has not been compensated, and the court was warranted, under the evidence, in finding the plaintiff had no expectation of recovering anything from House, and that he is unable to pay. This action is brought to recover for the plaintiff's services in the Supreme Court, for which the board of supervisors of the defendant refused to allow the plaintiff anything.

Baylies v. Polk County.

I.   As to the defendant's appeal.   It is insisted the plaintiff cannot, under the statute, recover any amount whatever.

1. ATTORNEY: appointed in criminal cases: fees.   The statute in force at the time the services were rendered provided as follows: "An attorney appointed by a court to defend a person indicted for any offense, is entitled to receive from the county treasury the following fees    *    *    *    *.   For a felony, such fee as the court may fix    *    *    *.

"An attorney cannot, in such case, be compelled to follow a case to another county, or into the Supreme Court, and if he does so, may recover an enlarged compensation, to be graduated on a scale corresponding to the prices above allowed." Code, § § 3829–3830.

The statute contemplates that a case may be appealed to the Supreme Court, and if this is done, the attorney theretofore appointed to defend, may, at his option, appear for the defendant and present the case to the Supreme Court.   No such duty is imposed, but a discretion is reposed in the attorney.   If in the exercise of such discretion he does appear, the statute provides a compensation shall be paid him out of the county treasury.   We are not called upon to vindicate this statute, but it seems to contemplate that when a man's life or liberty is in jeopardy, he, although a pauper, has the right to have his cause presented by an attorney to the court of last resort, who shall receive an enlarged compensation over that allowed by the District Court for services performed in that court.   We think the plaintiff was entitled to recover.

II.   The court allowed, and judgment was rendered for the plaintiff for twenty-five dollars.   From this he appeals on the ground a larger recovery was warranted under the evidence, which showed, without contradiction, the services were reasonably worth one hundred dollars.   This evidence, as we understand, was based on the theory the plaintiff was entitled to recover of the county what his services were reasonably worth in case he had been employed by the county.   The evidence was objected to, but we think it was rightly admitted

for the purpose of aiding the court to determine what amount under the statute the plaintiff was entitled to recover. We do not think the plaintiff could recover what the services were worth, but he is entitled to an enlarged compensation graduated on a scale corresponding to the price fixed for the trial in the District Court, which the plaintiff agreed to receive as full compensation when he accepted the appointment. The plaintiff's services in the trial in the District Court, no doubt, were reasonably worth more than ten dollars. Although, this is so, his compensation for services in the Supreme Court, must be graduated thereby. The court, under the evidence, allowed two and a half times more for what the plaintiff did in the Supreme Court than he agreed to accept when he was appointed. We are not prepared to say the court erred in so doing. The judgment of the District Court, on both appeals, will be

AFFIRMED.