EMMA A. RHUTASEL v. W. T. O. RULE, Sheriff, Appellant.

**Attorney and Client.** An attorney under a general employment to
1 prosecute an action has no authority to dismiss it.

**Practice:** DISCRETION. The court does not abuse its discretion in
2 ordering a reinstatement of an action which has been dismissed by the attorney without authority from his client.

**Practice Pending Appeal:** DISCRETION. The court may in its discre-
3 tion refuse to render a judgment by default for want of answer, where an appeal is pending, by defendant, from an order reinstating the cause, after its dismissal by plaintiff's attorney.

*Appeal from Franklin District Court.*—HON. S. M. WEAVER, Judge.

MONDAY, JANUARY 27, 1896.

THE plaintiff is the wife of N. J. Rhutasel, who is a judgment debtor of the Citizens' State Bank. The defendant, as sheriff, by virtue of an execution, seized some hogs as the property of N. J. Rhutasel. Plaintiff brought replevin for the hogs as the owner thereof, and by virtue of a writ the coroner took the hogs from the defendant, and delivered them to the plaintiff. Afterward, and on the same day, the following entry was made in the court records of the cause: "This cause is now, at 5 o'clock P. M., this August 17, 1893, withdrawn by plaintiff without prejudice, at her costs, paid by plaintiff's attorneys. [Signed] E. A. Rhutasel, by H. C. Liggett, Atty. David Vought, Clerk." On the sixteenth day of October, 1893, the defendant sheriff made a showing, by affidavit and otherwise, as to his seizure of the hogs by virtue of an execution; that the coroner by virtue of a writ of replevin took the hogs, and delivered them to the plaintiff; that on the same day the plaintiff dismissed her case, as above set out; that on the following day plaintiff shipped the hogs to Chicago, and sold them; and that the hogs were of the value of eight hundred dollars. With this showing was a motion that the cause "be restored to the trial calendar" for the purpose of assessing defendant's damages, and for judgment therefor. Pending this motion, the plaintiff, by the attorneys at present appearing, filed her motion to reinstate the case for trial on its merits on the ground that the dismissal "was made through misapprehension of the facts, and without any knowledge or authority from this plaintiff." The motion to reinstate was supported by an affidavit of H. C. Liggett to the effect that what he did in dismissing the cause was without authority from his client; that it was done under a misapprehension of the facts, he believing at the time that the writ had not been served; that, after

the dismissal, he proceeded at once to inform the officers not to serve the writ, and then learned that the service had been made; that he then tendered back the property, which defendant refused to take; that what he did was with the purpose to retake the property on another writ, and not to abandon the cause of action; that when informed of what he had done the plaintiff informed him that she did not want her cause dismissed, but wanted her rights determined in that action. The motion is further supported by an affidavit of the plaintiff in which she corroborates the statements of Liggett as to his authority to dismiss the action; that when informed of what had been done she informed Liggett that she did not want the action dismissed, but did want it tried on its merits. The affidavit is a further showing that she had no knowledge of a purpose to dismiss the action, and that the action is prosecuted in good faith, and is meritorious. In resistance of the motion to reinstate, affidavits are filed showing other facts, and to some extent contradicting the statements of Liggett. The district court sustained the motion to reinstate the cause for trial on the merits, on condition that plaintiff should pay the costs of that term and twenty dollars for defendant's attorney, which plaintiff paid. The court denied the motion by defendant to assess the damages. From the ruling of the court on these motions the defendant appealed. The court, in reinstating the cause for trial, granted time to the defendant to the second day of next term to answer, at which term the cause was to be set for trial. The appeal was taken by defendant on the second day of March, 1894, and on the ninth day of March, 1894, the plaintiff moved for default and judgment for want of an answer, which the court refused because of the appeal, and from the order of refusal the plaintiff appealed.—*Affirmed.*

The records and argument designate the defend-
ant as appellant and plaintiff as appellee, and we will
observe that form.

*Taylor & Evans* for appellant.

*J. L. Carney* and *E. P. Andrews* for appellee.

GRANGER, J.—I.   The record presents the question
of the authority of an attorney to dismiss an action
merely because of his general employment to prose-
cute it.   Section 213 of the Code specifies certain
powers possessed by attorneys, but the specifications
seem to be limited to powers to execute written instru-
ments in the name of his client, to bind his client by
agreements, and to receive money claimed by his
client, and discharge the claim or judgment.   It is not
thought that the powers thus defined are exclusive of all
others.· *Ohlquest v. Farwell,* 71 Iowa, 231 (32 N. W. Rep.
277), deals with the powers of an attorney under a gen-
eral employment to prosecute a suit, and, while the
point now under consideration was not involved, the
language of the opinion is in aid of a conclusion in this
case.   In that case it is said:   "It is undoubtedly true
that an attorney cannot consent to a judgment against
his client, or waive any cause of action or defense in
the case.   But he is, by his general employment,
authorized to do all acts necessary or incidental to the
prosecution or defense which pertain to the remedy
pursued.   The choice of proceedings, the manner of
trial, and the like, are all within the sphere of his
general authority, and as to these matters his client
is bound by his action."   The case then holds that the
power to consolidate actions is within the general
authority, because it "pertains to the remedy pursued,
to the manner of trial, and is not an agreement for
judgment or a compromise."   It is then said:   "The

parties are not deprived of a trial, nor is judgment rendered by consent." The foregoing language seems to have support on authority, and its effect is to deny the rights of an attorney, under a general employment to prosecute a suit, to dismiss it. His employment is to prosecute, and, in an important sense, it is inconsistent with a power to dismiss the suit. It is reasonable to say that such a power should be specially delegated. The quoted language, above, indicates strongly that an attorney so employed shall not do what will deprive his client of a trial. His implied powers are such as are necessary or incidental to the prosecution or defense which he is employed to conduct. Appellee cites *Wilkins v. Treynor,* 14 Iowa, 391, and *Crist v. Francis,* 50 Iowa, 257. In each of those cases the plaintiff himself dismissed the action, so that the question of authority is in no way involved.

II. Appellant relies somewhat on the conduct of the plaintiff, after she knew of the dismissal, as ratifying what had been done by her attorney. She states in her affidavit that from what Liggett said to her after the dismissal she believed the case was not absolutely dismissed, but that it would be tried the same as if the dismissal had not been entered. On this branch of the case the question was one for the district court, and, with the holding that the dismissal was without authority, the discretion of the court was not abused in ordering the reinstatement. It opens the case for a hearing on the merits, which is the method to be desired.

III. Plaintiff's appeal is from a refusal to order a default entered, and to give judgment thereon. The refusal was because the action was then on appeal in this court. The question on the appeal was what we have now determined as to the cause being for trial on its merits. Without determining any other question, it is sufficient to say that

the court had a discretion as to whether the appeal should be determined, settling the rights of the parties to such a trial before the trial should be had. The action of the court on both appeals is AFFIRMED.