STATE OF IOWA v. CHRISTINA BEHRENS, Appellant.

**Review:** BILL OF EXCEPTIONS BEING STRICKEN. Alleged errors
1  depending on the evidence in a criminal case cannot be considered,
where the bill of exceptions has been stricken.

**Attorney Fees of Counsel for Accused:** SUPREME COURT CANNOT FIX.
An attorney following a case in which he was selected to defend
an accused, into the supreme court, is not entitled to have that
2  court fix the fees to which he is entitled, under Code, section 5314,
if that court can ever fix them, where he did not file in the district
court an affidavit to the effect that he "has not directly or indi-
rectly received any compensation for such services from any
source."

*Appeal from Scott District Court.*—HON. C. M. WATERMAN,
Judge.

SATURDAY, MAY 27, 1899.

THE defendant was accused and convicted of the crime
of murder by poisoning, and she appealed.—*Affirmed.*

*N. D. Ely* and *Ely & Bush* for appellant.

*Milton Remley,* Attorney General, for the State.

LADD, J.—The bill of exceptions has been stricken on
motion of the state, because not filed within the time fixed by
the trial court, and no evidence is before us. The errors
alleged and argued depend on the evidence, and, for
1    this reason, cannot be considered. We have, how-
ever, examined the transcript of the record and the
instructions, and discover no error.

II.  The attorney for defendant has moved that com-
pensation for his services rendered in this court be fixed by
us, and bases the request on section 5314 of the Code, provid-
ing that an attorney defending in the district court "need not

follow the case   *   *   *   into the supreme court, but if he does, shall receive an enlarged compensation on a scale corresponding to that fixed by this section." In *Baylies v. Polk County*, 58 Iowa, 357, recovery for services was had from the county. In *State v. Young*, 104 Iowa, 735, we held the statute did not authorize an order on the county treasurer therefor. But this application is simply that the court ascertain and fix the fees to which the attorney is entitled. Section 5313 of the Code requires the district court, upon arraignment of the prisoner, to assign or permit him to select counsel for his defense when he himself is unable to employ any. The next section is that from which we have quoted. It fixes the amount the attorney so appointed shall receive per day, for the time actually occupied in court in the trial, from the county treasurer. So that compensation is easily determined by the length of time consumed in the trial. In the supreme court it must depend on the time reasonably and necessarily devoted to the preparation and presentation of the appeal; the per diem to be gauged by that allowed for services in the district court, though on an enlarged scale. But the statutes nowhere authorize either court to determine in the criminal action the amount of compensation the attorney making the defense is entitled to be paid from the county treasury. Neither the attorney nor the county is a party to the action, and the rights of neither should be adjudicated without an opportunity of being heard. In *Ryce v. Mitchell County*, 65 Iowa, 449, it was held that an affidavit to the effect that he "has not directly or indirectly received any compensation for such services from any source" must be filed with the court. The very evident purpose of this is to insure entire good faith on the part of the attorney, and to obviate any imposition on the court or county. The affidavit is to be filed with the court appointing the attorney, and not with the clerk of the supreme court. Having been selected in the lower court, and filed the proper proof, he may follow the case to this court, and is entitled to compensa-

tion, if he has not received and is not to receive it directly or indirectly from any other source. The claim, however, should be presented to the board of supervisors, for allowance, as others against the county. It follows the motion asking this court to ascertain and fix the amount of fees appellant's attorneys are entitled to be paid from the county treasury must be overruled.—AFFIRMED.

WATERMAN, J., took no part.