STATE OF IOWA, Appellee, v. PAUL H. DEBNER, Appellant.

**EVIDENCE:** Opinion Evidence—Handwriting—Unallowable Standard. 1 Manifest error results, in the trial of the issue of handwriting, from admitting in evidence writings as standards for comparison without proof that the person in question wrote the standards.

**EVIDENCE:** Opinion Evidence—Examination of Expert—Unallowable 2 Conclusion. It is not allowable to ask a witness whether a named person "admitted" writing a named instrument. The question should call for *what was said.*

**FORGERY:** Uttering—Evidence—Similar Offenses. On the issue of 3 uttering a forged check, evidence of other like utterings by the defendant about the same time is admissible. (See Book of Anno., Vol. 1, Sec. 13897, Anno. 134 *et seq.*)

**CRIMINAL LAW:** Trial—Additional Testimony—Service of Notice. 4 Service of notice of additional testimony is all-sufficient when made on 'one of defendant's attorneys of record (defendant not being found in the county), even though such notice is addressed to the defendant and to an attorney of record for him other than the attorney receiving the service.

**CRIMINAL LAW:** Trial—Instructions—Assuming Truth of Fact. It is 5 inaccurate (but not necessarily reversible error) for instructions to refer to "admitted" signatures when the testimony only tended to show that the accused had, prior to the trial, admitted their genuineness. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 30 *et seq.*)

Headnote 1: 16 C. J. p. 621; 26 C. J. p. 969. Headnote 2: 16 C. J. p. 747. Headnote 3: 26 C. J. p. 970. Headnote 4: 16 C. J. p. 802. Headnote 5: 16 C. J. p. 950; 17 C. J. p. 343.

*Appeal from Iowa District Court.*—R. G. POPHAM, Judge.

JUNE 21, 1926.

The defendant was convicted of uttering a forged instrument, and appeals.—*Reversed.*

*Johnson, Donnelly & Lynch* and *B. B. Hickenlooper,* for appellant.

*Ben J. Gibson,* Attorney-general, and *James P. Gaffney,* County Attorney, for appellee.

VERMILION, J.—The defendant was charged with uttering a forged check. The State, to establish the defendant's knowledge that the check was a forgery, offered evidence tending to show that the check and the signature of the purported drawer were written by the defendant himself. The State was permitted to introduce certain checks which it was claimed the defendant admitted he had written, which were used as standards of comparison, both by experts, who testified that the check in question was in the same handwriting as the standards, and also by the jury.

I. With respect to two of the checks so introduced as the genuine writings of the defendant, the record is entirely wanting in evidence that they were written by him. A witness was asked in respect to each of them if the defendant had admitted that the writing and signature thereon were in his handwriting, but the record does not disclose any answer by the witness to the questions. These two checks, together with others as to the genuineness of which there was testimony, were later admitted in evidence, over objection, and were used by expert witnesses and submitted to the jury as admitted writings of the defendant, for comparison with the check in question. The error in this is so manifest that it could only have resulted from a misapprehension on the part of the learned trial court of the state of the record.

1. EVIDENCE: opinion evidence: handwriting: unallowable standard.

II. The questions by which testimony as to defendant's admission of the genuineness of other writings received in evidence as standards of comparison was elicited, were objectionable as calling for the conclusion of the witness, instead of what was said by the defendant. We would be disinclined to reverse for this alone, but the objectionable form of question should be avoided.

2. EVIDENCE: opinion evidence: examination of expert: unallowable conclusion.

The same infirmity appears in several answers that were

permitted to stand, over motions to strike. They gave the conclusion of the witness, rather than the fact. Since the case must be reversed on other grounds, complaints of this character require no further or more particular consideration.

III. There was testimony tending to show that the defendant, at about the time of the transaction in question, issued other similar forged checks. Testimony was admitted, over objection, that one of the persons to whom such a check had been given said, in the presence of the defendant, that he had seen the defendant, and "had cashed a check for him yesterday morning." There was no error here. *State v. Middleham,* 62 Iowa 150; *State v. Burns,* 124 Iowa 207; *State v. Richards,* 126 Iowa 497. Other alleged errors in rulings on the admission of testimony relate to matters not likely to arise on a retrial, and demand no attention.

3. FORGERY: uttering: evidence: similar offenses.

IV. Complaint is made that the State examined certain witnesses who had not been before the grand jury, and the minutes of whose testimony had not been presented with the indictment. It is admitted that a notice stating that the State expected to use these witnesses, and setting out the substance of what it was expected to show by them, had been served on one of defendant's attorneys of record, a sufficient length of time before the trial to comply with Section 13851, Code of 1924. The only objection to the form or substance of the notice is that it was addressed to the defendant by name, and to a firm of attorneys by name. The sheriff's return of service shows that it was served on another attorney representing the defendant, to which attorney it was not addressed, and that the defendant was not found in the county where the action was pending. The statute, Section 13851, requires such notice to be given to the defendant, or his attorney of record, if the defendant be not found in the county. We think the notice was sufficient. Cases involving a question of the sufficiency of notice to confer jurisdiction are not controlling.

4. CRIMINAL LAW: trial: additional testimony: service of notice.

V. Numerous instructions are alleged to be erroneous. In one instruction on the subject of the comparison of handwriting, the court referred to the writings admitted as standards of com-

5. CRIMINAL LAW:
trial: instruc-
tions: assuming
truth of fact.

parison as "admitted signatures." No signatures made by the defendant were introduced by the State that were "admitted signatures," in the sense that their genuineness was admitted on the trial. Certain signatures were in evidence as standards of comparison, which the evidence showed defendant had, previous to the trial, admitted to be his. The expression was not strictly accurate, but we are of the opinion that the jury could not have been misled, and that no prejudice resulted. Other complaints of the instructions are without merit.

For the error in admitting in evidence standards of comparison not shown to have been written by the defendant, the judgment is—*Reversed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.