CASS COUNTY, Appellee, v. PAGE COUNTY, Appellant.

**COUNTIES:** Claims—Defending Prisoners—Irregular Audit—Effect.
1  The audit by a trial court of a claim for attorney fee for defending a prisoner on change of venue to a foreign county, on an affidavit which fails to show that the attorney has neither received nor contracted to receive compensation from any other source, is not void, and may not be collaterally attacked.

**COUNTIES:** Claims—Defending Prisoners—Construction of Statute.
2  The general provision of law (Sec. 13824, Code of 1924) that the county from which a criminal cause is sent on change of venue shall pay all costs consequent on such change includes attorney fees for defending the accused.

Headnote 1: 15 C. J. p. 654.  Headnote 2: 15 C. J. p. 651.

Headnote 2: 7 R. C. L. 951.

*Appeal from Page District Court.*—O. D. WHEELER, Judge.

APRIL 5, 1927.

Action at law by Cass County, Iowa, to recover the expenses of two murder cases transferred from Page County to Cass County for trial on a change of venue. The facts are stated in the opinion. Judgment was entered as prayed, and defendant appeals.—*Affirmed*.

*Paul L. Millhone* and *L. H. Mattox,* for appellant.

*Dalton & Knop,* for appellee.

STEVENS, J.—Benjamin and Arthur Hickman were indicted by the grand jury of Page County in April, 1921, on a charge of murder in the first degree. Earl R. Ferguson, an attorney of Shenandoah, was appointed by the court to defend Benjamin, and John J. Hess, an attorney of Council Bluffs, to defend Arthur. A change of venue was granted from Page County to Cass County where trials were had, resulting in the conviction of both defendants. Both appealed to the Supreme Court, where the judgments were affirmed.

1. COUNTIES: claims: defending prisoners: irregular audit: effect.

On or about July 28, 1923, each of the attorneys presented a claim to the judge of the district court who presided at the trials, for services in this court in the sum of $1,000. The court certified to the rendition of the services, and audited and allowed the claims. Each claim was accompanied by the affidavit of the attorney, reciting all of the matters required by the statute, except that no agreement or arrangement for compensation had been received or indirectly received from any other source and that the respective defendants were without property or means to pay therefor. The omissions were attempted to be corrected by the filing of additional affidavits by respective counsel in the office of the clerk of the district court of Cass County on or about the 31st day of January, 1924. Prior to the filing of the additional affidavit, both claims had been paid by Cass County. Neither the claims nor the affidavits were spread upon the records of the office of the clerk of the district court of Cass County, and on February 25, 1924, the court filed a *nunc pro tunc* order, again certifying to the rendition of the services, and ordering the claims and all affidavits filed to be so entered. The board of supervisors of Cass County does not appear to have considered or allowed the claims.

On or about July 28, 1924, an action was commenced in the name of Cass County against Page County, in the district court of the latter county, to recover the sums paid in compliance with the finding and certification of the presiding judge. A demurrer was filed to the petition, which was overruled by the court.

The defendant electing to stand upon its pleading, judgment was entered against it for the amount claimed, together with the costs of suit.

Briefly summarized, the grounds of the demurrer were that the original affidavits filed by the attorneys did not comply with the requirements of the statute, and that the court, by reason thereof, was without jurisdiction to approve or audit the claims; that the duty of auditing and allowing the claims rested upon the board of supervisors of Cass County, and not upon the district court; that the particular claims in question were not costs or expenses of the trial, within the meaning of Section 13824 of the Code of 1924; that the additional affidavits were of no effect or validity; that the alleged *nunc pro tunc* order was entered in vacation, and, for other reasons, without jurisdiction or authority.

Section 13775 of the Code of 1924 provides that, to be entitled to compensation for services rendered in the defense of one charged with homicide, on appointment by the court, the attorney must file with his claim an affidavit stating that he has not directly or indirectly received or entered into a contract to receive any compensation for such services from any source. The original affidavits filed by Ferguson and Hess did not meet these requirements. It may be conceded that the court should have declined to audit the claims until proper affidavits were filed. Likewise, the board of supervisors should have insisted upon compliance with the statute, before authorizing the county auditor to draw a warrant therefor.

Our attention is called to nothing in the statute requiring a judgment in such cases to be entered in the district court. Section 13824 of the Code of 1924 is as follows:

"When the place of trial is changed under the provisions of this chapter, the county from which the change was taken shall pay the expenses and charges of removing, delivering, and keeping the defendant, and all other expenses and costs necessary and consequent upon such change and trial, which shall be audited and allowed by the court trying the case; and all such expenses and costs may be recovered by the county to which the trial is changed in an action against the county in which the prosecution was commenced."

It was the duty of the court to audit and allow the claim.

This was done, but without the filing by the attorneys of proper affidavits. The only effect of the *nunc pro tunc* order was to require that to be made of record which the court thought should have been originally spread thereon. That the court had power to make the correction, if same was necessary, we think cannot be seriously questioned. The affidavits subsequently filed fully covered the requirements of the statute. The purpose of the statute which requires the filing of an affidavit by an attorney appointed by the court to defend one charged with homicide is, as was said in *State v. Behrens,* 109 Iowa 58, the very obvious one of insuring "good faith on the part of the attorney, and to obviate any imposition on the court." We are disposed to hold that, notwithstanding the irregularity in the procedure, the plaintiff should not be prejudiced in its right to demand payment of Page County for the amount expended, if otherwise entitled thereto. The audit and order of the court were not *per se* void, and could not be collaterally attacked.

The requirement of Section 13824 that the claim be audited and allowed by the court is a wise and salutary one. It obviates all possible confusion and conflict between the boards of supervisors of the respective counties interested in the matter. No one is so well qualified to pass upon and audit the claim as the judge before whom trial was had.

It is earnestly argued by counsel for appellant that attorney fees are not included within the terms of the statute. The fees allowed for services in the district court are fixed at a specific amount per day. The number of days actually

2. COUNTIES: claims: defending prisoners: construction of statute.

employed in the trial determines the amount to be allowed. The statute, however, provides that compensation in the Supreme Court shall be enlarged and compensation fixed on a scale corresponding to that prescribed in the district court. Attorney fees are a necessary part of the expenses of the appeal, and we think come clearly within the terms of the statute. If the statute is in any sense ambiguous at this point, and requires interpretation, we think it should be interpreted as here indicated. The claim when audited by the court is not an unliquidated claim, requiring allowance by the board of supervisors, as are other claims.

The judgment should be, and it is, affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.