## SCOTT v. MOORE..

No. 5835.   Opinion Filed November 2, 1915.

(152 Pac. 823.)

1. **ATTORNEY AND CLIENT—Authority to Compromise Suit—Burden of Proof.** An attorney at law is without authority to compromise an action pending, without being specifically authorized by his client so to do; and when such attorney makes such compromise, and his authority so to do is put in issue, the burden is on the party asserting the compromise to show authority therefor, or ratification.

2. **TRIAL—Direction of Verdict—Evidence.** Where there is any evidence introduced in the trial of a cause reasonably tending to establish plaintiff's cause of action, it is error for the court to direct a verdict for defendant.

(Syllabus by Collier, C.)

*Error from District Court, Canadian County;*
*John J. Carney, Judge.*

Replevin by John A. Scott against Mrs. J. M. Moore, as administratrix of the estate of J. M. Moore, deceased.

Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Harvey R. Winn,* for plaintiff in error.

*R. B. Forrest,* for defendant in error.

Opinion by COLLIER, C. This is an action in replevin, brought by John A. Scott against Mrs. J. M. Moore, as administratrix of the estate of J. M. Moore, deceased, to recover 73 bushels and 20 pounds of alfalfa seed. Hereinafter the parties will be designated as they were in the trial court. The basis of the action is that plaintiff had contracted with defendant's intestate to thresh a certain crop of alfalfa, by the terms of which said contract plaintiff was to thresh the same on the farm of decedent; and providing that, if said seed did not thresh out 100 bushels net, plaintiff was to do and perform the work of threshing the same gratis; but, if the alfalfa threshed out in excess of 100 bushels, such excess was to become the property of said plaintiff. After the death of defendant's intestate, plaintiff performed his contract and threshed said crop of alfalfa, with the result that 73 bushels and 20 pounds net, over and above 100 bushels, were threshed. Said 73 bushels and 20 pounds were sacked by plaintiff and delivered to him, and after delivery of same defendant refused to permit plaintiff to remove same from the farm where said seed was threshed. There was a trial to a jury. The uncontradicted evidence was that plaintiff threshed said seed, and the result thereof was 173 bushels and 20 pounds, and that defendant refused, upon demand, to permit plaintiff to have said 73 bushels and 20 pounds in excess of the 100 pounds threshed. There was uncontradicted evidence by competent parties tending to show

that decedent had admitted to various witnesses that he had entered into a contract with plaintiff to thresh defendant's alfalfa crop for whatever amount of seed might result, over and above 100 bushels. The evidence was in conflict as to the value per bushel of said seed; the evidence varying the market price thereof from $8 to $12.50 per bushel. The court, upon motion of defendant, directed the jury to return a verdict for defendant. Plaintiff filed his motion for new trial, which was overruled and duly excepted to. Judgment was entered for defendant for costs, and from said judgment this appeal is prosecuted.

After the case reached this court, motion was filed to dismiss the appeal, upon the ground that the cause had been compromised and settled. This motion was resisted by plaintiff, upon the ground that he had never authorized said attorney to compromise the case. The evidence in support of the motion of defendant to dismiss is upon sworn statements of Fisher that, as attorney for plaintiff, he was authorized to enter into a compromise and settlement of said cause, which had been done in consideration of the sum of $173.20, paid to him as such attorney; and the further agreement that defendant was to pay costs, amounting to the sum of $96; that he (Fisher) claimed the plaintiff was indebted to him in the sum of $200 for legal services; and that he (Fisher) had retained the entire amount received in said compromise of said claim for his own use and benefit.

The sworn protest filed by plaintiff against the dismissal of this cause shows positively that he never received any part of said money for which it is claimed said suit was compromised; that he had never authorized said Fisher to compromise said cause; that he had discharged

said Fisher as his attorney and employed another to represent him.

An attorney has no authority to compromise a matter in his hands as attorney, without the specific authority of his client. Any settlement so made is without authority of law and void; and, where the client denies that the attorney was given authority to compromise such claim, the burden is upon the attorney to show by a preponderance of the evidence that he was given such authority; or that the client, after the making of such compromise, approved it, or received the benefits thereof. *Turner v. Fleming et al,* 37 Okla. 75, 130 Pac. 551, 45 L. R. A. (N. S.) 265, Ann. Cas. 1915B, 831; *Pickett v. Merchants' Nat. Bank,* 32 Ark. 346; *Preston v. Hill,* 50 Cal. 43, 19 Am. Rep. 647; *Derwort v. Loomer,* 21 Conn. 245; *Jones v. Innes,* 32 Kan. 177, 4 Pac. 95; 3 Encyc. Law, 358; *Hallack v. Loft,* 19 Colo. 74, 34 Pac. 568; *Forest Coal Co. v. Doolittle,* 54 W. Va. 210, 46 S. E. 238; *Waldron v. Angleman,* 71 N. J. Law, 166, 58 Atl. 568; *Thomason v. Odum,* 31 Ala. 108, 68 Am. Dec. 159; *Kellogg v. Gilbert,* 10 Johns. (N. Y.) 220, 6 Am. Dec. 335; *Rhutasel v. Rule,* 97 Iowa, 20, 65 N. W. 1013; *Dickerson v. Hodges,* 43 N. J. Eq. 45, 10 Atl. 111.

Whether or not Fisher had authority to make such compromise is not decided, and this defense is left open, and can be interposed and adjudicated on another trial.

There was evidence tending to show that the contract upon which this suit was based had been entered into by the decedent with plaintiff; and whether it was so entered into was a question of fact for the jury. The court, in giving the peremptory instruction to find for defendant, invaded the province of the jury, and com-

mitted reversible error. *McCall Bros. v. Farley & Skinner et al.,* 39 Okla. 389, 135 Pac. 339; *Jones v. Citizens' State Bank,* 39 Okla. 393, 135 Pac. 373; *Cole v. M., K. & O. Ry. Co.,* 20 Okla. 227, 94 Pac. 540, 15 L. R. A. (N. S.) 268; *St. Louis & S. F. R. Co. v. Jamieson,* 20 Okla. 654, 95 Pac. 417; *M., K. & T. Ry. Co. v. Walker,* 27 Okla. 489, 113 Pac. 907; *Wicker v. Dennis et al.,* 30 Okla. 540, 119 Pac. 1122.

The motion of defendant to dismiss the appeal should be denied, and the cause reversed and remanded, with instructions to grant a new trial.

By the Court: It is so ordered.