## FIRST STATE BANK OF INDIAHOMA v. CARR.

No. 8032—Opinion Filed April 24, 1919.

(180 Pac. 856.)

(Syllabus.)

**1. Judgment — Vacation for Fraud — Petition.**

In a proceeding to vacate a judgment for fraud practiced by the plaintiff in obtaining it, the petition must be verified by affidavit, must set forth the judgment complained of, and also fully state the facts constituting the defense.

**2. Same.**

A petition to vacate a judgment on the ground of fraud, which sets up only a general denial by way of defense and does not state the facts constituting the same, is fatally defective.

**3. Attorney and Client—Power of Attorney —Surrender of Client's Rights.**

An attorney, by virtue of his retainer, can do anything fairly pertaining to the prosecution of his client's cause and the protection of his client's interests involved in the action; but he cannot, under such general authority, surrender or compromise away his client's substantial rights.

**4. Judgment — Trial — Instruction — Necessity of Giving.**

In an action by the judgment debtor against the judgment creditor to recover damages for the creditor's failure to acknowledge satisfaction of the judgment, it is a competent defense for the creditor to show that there was a controversy between the parties as to whether the judgment had been fully paid; and where the creditor, acting in good faith, refused to satisfy the judgment, and there is evidence tending to support this issue of defense, it was the duty of the court to give an instruction correctly stating the law applicable to such issue.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by I. E. Carr against the First State Bank of Indiahoma. Verdict and judgment for plaintiff, motion for new trial overruled, and defendant brings error. Reversed in part and affirmed in part.

B. M. Parmenter, for plaintiff in error.

J. A. Diffendaffer and Johnson & Stevens, for defendant in error.

PITCHFORD, J. The defendant in error commenced this action against the plaintiff in error on the 25th day of August, 1913, in the district court of Comanche county, Okla. The parties will be designated as they appeared in the court below. The plaintiff for his cause of action against the defendant alleged that on or about the 16th day of January, 1911, he, together with one Ed Carr, made, executed, and delivered to the defendant bank their promissory note in writing of that date for the sum of $1,000, due six months after the date thereof; that thereafter, on the 1st day of September, 1911, the bank filed in the district court of said county an action to obtain judgment on said note; that on the 29th of November said cause came on to be heard, and a judgment was obtained by the bank against the plaintiff and the said Ed Carr, the judgment being in the sum of $1,012.22 together with interest thereon from the 30th day of August, 1911, at the rate of 10 per cent. per annum; also for $100 attorney's fee and costs taxed at $15.35; that judgment was entered upon the judgment docket. The plaintiff alleges that that part of the judgment wherein and whereby the bank obtained a judgment for the $100 as attorney's fee was obtained by fraud and in violation of the express agreement between the bank through its attorney in said cause, and through the attorney of the plaintiff and the said Ed Carr; that the fraud consisted in the following: That, after a demurrer had been filed by the plaintiffs to the petition of the defendant bank, the attorney for the bank agreed with the attorney for the plaintiff herein that if they would not press the demurrer or make further defense in the cause, the bank would not ask for nor take judgment for any attorney's fee in said cause; that the proposal was accepted on the condition that time would be given in which to arrange to pay the judgment; that, relying upon said agreement, the demurrer was overruled and no answer filed or other defense made, notwithstanding they had a defense to a part of said note, and judgment was permitted to be taken; that the agreement so made was fully complied with on their part, but that notwithstanding the agreement not to do so the bank did include in said judgment against Ed E. Carr and I.

E. Carr the sum of $100 attorney's fee; that thereafter, and on or about the 26th day of December, 1911, the plaintiff and said Ed Carr paid to the defendant bank the sum of $750, to be applied on said judgment; that this sum was credited upon the judgment docket and upon said judgment; that some time in January, 1912, the balance due on the judgment was all paid except the $100 attorney's fee the plaintiff herein contending that the balance paid was in full satisfaction of the judgment, and demanding that the bank satisfy and release said judgment, and cause satisfaction and release thereof to appear and be shown upon the judgment docket; that notwithstanding the full payment of said judgment, and disregarding plaintiff's many requests that it do so, the defendant bank failed, neglected, and refused to release and satisfy the judgment of record, or to enter, or cause to be entered upon the judgment docket the release and satisfaction of the judgment, or to in any way give credit or cause the same to be shown on the judgment docket the amount so paid on said judgment, excepting the said sum of $750; that by reason of the wrongful acts of the defendant bank in failing to satisfy and release the judgment, or to give credit for the amount so paid thereon, it is, and has been, for more than 18 months, made to appear by the records that the defendant bank has a valid, subsisting, unpaid, and unsatisfied judgment against the plaintiffs for more than $400, when in truth and in fact said judgment has been wholly paid; that the plaintiff was damaged thereby in the sum of $5,000.

On the 9th day of September, 1915, the cause was tried to a jury, which resulted in a verdict in favor of the plaintiff, I. E. Carr, against the defendant bank for the sum of $500. The defendant bank filed motion for new trial in due time, which was overruled, and defendant appeals.

The assignments of error are very numerous. It is not necessary to notice each assignment. We will consider only such as we deem necessary, which are the following:

(1) Does the petition state facts sufficient to entitle the plaintiff to the relief demanded?

(2) Has an attorney retained to bring an action upon a promissory note, and to foreclose a mortgage securing the payment of the same, authority to compromise the claim by agreeing to take judgment for a less sum than contained in the note?

(3) Is a judgment creditor liable in damages to the judgment debtor for failure to satisfy where there is an honest controversy as to whether or not the judgment has been fully paid?

The defendant filed a demurrer to plaintiff's petition, assigning as one of the grounds of demurrer that the petition failed to state facts sufficient to constitute a cause of action against the defendant. The demurrer was overruled and exceptions saved. The petition sets out at length the fraud alleged to have been practiced by the defendant in securing the judgment against the plaintiff and Ed Carr; that is, that the attorney for the defendant agreed with the attorney for the plaintiff that if the plaintiff would withdraw the demurrer no judgment would be taken for attorney's fee and this agreement was violated. The petition further states that the plaintiff had a good defense to a part of said note, but fails to state any fact constituting a defense.

The judgment in the former case appears to be regular upon its face. No proceedings had been instituted in the trial court, so far as the record discloses, to have the same corrected prior to the commencement of the instant case. The plaintiff makes no claim that he had paid the full amount of the judgment, or that payment had been tendered, but states he paid all that he considered due, and seeks the cancellation or correction of the judgment to the extent of the attorney's fee on account of the agreement of the attorneys. This being an action seeking the cancellation of the judgment on the ground of fraud practiced by the defendant in the trial court, it becomes necessary to ascertain the procedure to be followed in such cases. Sections 5267 and 5269, Rev. Laws 1910, give the district court power to vacate or modify its own judgments or orders after the term at which such judgment or order was made. The fourth ground under this section for setting aside the judgment is for fraud practiced by the successful party in obtaining the order or judgment. The procedure to vacate or modify the judgment or order on the grounds of fraud shall be by a petition verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. On such petition a summons shall issue and be served as is the commencement of an action. The petition must also set forth the facts constituting the alleged fraud, and must fully state the facts constituting the defense in the original action.

We have examined the petition of the plaintiff and find that the same was not verified. While the petition sets forth the facts constituting the alleged fraud, it utterly fails to state the facts constituting the defense in the original action, the statement being only that there was a defense to a part of the note. This question has been formerly adjudicated by this court in the case of Thompson et al. v. Caddo Co. Bank, 15 Okla. 615, 82 Pac. 927. The plaintiffs there sought to have the judgment vacated by a petition in many respects similar to the petition in the instant case. It was there held that proceedings to vacate a judgment on the ground of fraud must be by petition verified by affidavit, setting forth the judgment sought to be vacated, the grounds therefor, and the defense to the action if the party applying was defendant; and, further, that a motion was not the proper method by which to seek vacation of a judgment alleged to have been obtained by fraud; that the petition must be verified, and must fully state the facts constituting the defense to the original action; and that a petition to vacate a judgment on the ground of fraud, which sets up only a general denial by way of defense and does not state the facts constituting the same, is fatally defective. To the same effect see Provins v. Lovi, 6 Okla. 94, 50 Pac. 81.

We find the Kansas statute, relating to the cancellation of judgments on the ground of fraud, is the same as our own. Section 600, Civil Code of Kansas (Gen. St. 1915, § 7504), prescribes:

"That proceedings to vacate * * * the judgment shall be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant."

In the case of Mulvaney v. Lovejoy, 37 Kan. 305, 15 Pac. 181, the court said:

"In a proceeding to vacate a judgment against a defendant for fraud practiced by the plaintiff in obtaining it, the petition must set forth the judgment complained of, and must also fully state the facts constituting the defense. Unless the facts stated show an existing, valid, and meritorious defense, the petition is fatally defective."

We are of the opinion that the trial court erred in overruling the demurrer.

It appears from the record that no specific objection was urged against the petition for want of verification, the demurrer being general that the petition failed to state facts sufficient to constitute a cause of action against defendant. We have been unable to find any authorities holding that the petition is fatally defective unless verified, and we are of the opinion that to that extent the statute is directory, and waived by failing to call the court's attention thereto by proper motion, but is mandatory in requiring that the grounds constituting the defense must be stated.

Plaintiff does not claim any defense to the action wherein the judgment was secured against him, including attorney's fee, further than it was agreed that no judgment would be taken for the attorney's fee in the event the demurrer would not be pressed. There is no claim made that the amount called for by the note sued on, including the attorney's fee, was not due and owing. From the evidence of the attorney for the plaintiff, it appears there was no defense to any portion of the note. The attorney for plaintiff, at the time he claims the compromise was made, stated that his client did not desire to defeat any part of the note or the interest, but did not feel like he ought to be called upon to pay the $100 attorney's fee; that he was not making any fight on the note at all, but did not think his client ought to pay the attorney's fee; that the note was only a short time overdue. There is nothing in the entire evidence indicating a defense to the note. The mere fact of agreeing that a demurrer might be overruled and no further steps taken to delay judgment on the note, in the absence of a meritorious defense to the subject-matter of the action, would be without consideration and not binding, especially in view of the fact that it is claimed this agreement was made with the attorney retained to bring action on the note. There is no showing that the attorney had been authorized to agree to take judgment for any amount less than that called for by the note. The authorities are almost uniform to the effect that an attorney, by virtue of his retainer, is authorized to do all things fairly pertaining to the prosecution of his client's cause and the protection of his client's interests involved in the action, but by mere virtue of his retainer, without express authority, is not authorized to bind his client by a compromise of a pending suit or other matter intrusted to his care. Scott v. Moore, 52 Okla. 200, 152 Pac. 823; Turner v. Fleming, 37 Okla. 75, 130 Pac. 551, 45 L. R. A. (N. S.) 265, Ann Cas. 1915B, 831; Nels Gibson v. Fred Nelson, 111 Minn. 183, 126 N. W. 731, 31 L. R. A. (N. S.) 523, 137 Am. St. Rep. 549.

We fully recognize and approve the rule that no one is permitted to deny the authority of an agent or attorney to act in his behalf and at the same time take advantage of the fruits secured by the unauthorized acts of such attorney or agent; but in the case at bar there is nothing in the record showing that the defendant has ever sought to enforce the judgment or that an execution was ever issued. It appears the plaintiff voluntarily paid all the judgment called for except the attorney's fee. The plaintiff has never contended he did not owe the entire amount expressed in the judgment other than the attorney's fee.

We have been unable to find any statute in Oklahoma penalizing a judgment creditor for failure to satisfy the judgment after the same has been paid. We have, however. a statute providing that if the holder of any mortgage on real estate shall neglect or refuse for 10 days after being requested by the mortgagor, his agent or attorney, to release such mortgage, such holder of the mortgage shall forfeit and pay to the mortgagor 1 per centum of the principal debt per diem from and after the expiration of such 10 days, to be recovered in a civil action in any court having jurisdiction thereof; but such request must be in writing. and describe the mortgage and premises with reasonable certainty, and be accompanied by the expenses of filing and recording such release.

There are a number of cases in our court holding that if there is a dispute or a controversy between the parties as to the amount due on the mortgage, and it is claimed in good faith that a balance is due, no liability for damages arises for failure to release. Smith v. Colson, 31 Okla. 703, 123 Pac. 149. To the same effect see Burrows v. Bangs, 34 Mich. 304; Parkhurst v. First Natl. Bank, 53 Kan. 136, 35 Pac. 1116. In our opinion, the same principle applies in an action for damages for failure to satisfy and release a judgment. In the case at bar we have examined the evidence and fail to see wherein there was any disposition on the part of the defendant to take any advantage of plaintiff by reason of the judgment the plaintiff is seeking to have cancelled. In all conversations between the plaintiff and the defendant there was no claim made by the defendant for the attorney's fee, but, on the contrary, the defendant was of the opinion, and so stated, that the attorney's fee belonged to the attorney in the case and the refusal on the part of the defendant to satisfy the judgment was not because the fee was claimed by the defendant but because

the defendant did not consider itself authorized to satisfy the attorney's fee without the consent of the attorney.

The trial court decreed the cancellation and satisfaction of the judgment in favor of defendant against the plaintiff. No bond was given superseding this portion of the decree. The only bond given was the bond executed by the defendant superseding the judgment for the $500 damages. It appears that all parties are agreed that the judgment has been fully satisfied except the attorney's fee. It further appears that the attorney left the state soon after securing the judgment; that he has never demanded or received any fees in the matter; and it would further appear that the defendant is, and has been willing to satisfy the judgment in so far as the bank has any interest therein, and, as appears from the evidence, disclaims any interest in the attorney's fee.

While we hold that the petition fails to state facts sufficient to entitle plaintiff to the relief he seeks yet as the defendant does not claim any interest in the attorney's fee, and has failed to execute a bond superseding the judgment of the lower court; decreeing the cancellation of the judgment, we are not disposed to disturb the judgment of the trial court canceling the judgment.

The judgment of the trial court awarding damages should, therefore. be reversed, but that part canceling the former judgment should be affirmed, and it is so ordered.

All the Justices concur, except HARDY, J., who concurs in the conclusion.