## VINSON v. DAVIS.

No. 10110.—Opinion Filed July 29, 1919.

Rehearing Denied Sept. 30, 1919.

(Syllabus by the Court.)

**Executors and Administrators—Foreign Executor—Right to Sue.**

N. died in Pottawatomie county, Oklahoma, leaving surviving him as his sole and only

heir, C., who resided in Salem county, New Jersey. C. secured an order from the county court of Pottawatomie county, Oklahoma, authorizing V., the administrator of the estate of N., to disburse to her $45,000. Before the order was effectuated, C. died. The last will and testament of .C. was duly probated in the surrogate court of Salem county, New Jersey, and D. qualified as executor under the will. D., as executor, authorized R., an attorney in Oklahoma, to receive from V., administrator aforesaid, the $45,000. After V. had paid R. this amount, R. paid to V. out of the sum so received. $5,000, in full of all fees and charges of V. as administrator of N.'s estate. This payment was made without authority from D. Held, that D. was the proper party to bring suit against V. to recover the $5,000.

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by J. Warren Davis against S. C. Vinson. Judgment for plaintiff, and defendant brings error. Affirmed.

Maben & Pitman, for plaintiff in error.

J. Warren Davis, executor, defendant in error, by T. G. Cutlip, his attorney.

PITCHFORD, J. This case was instituted in the district court of Pottawatomie county on the 23rd day of August, 1917. In the court below the plaintiff in error was defendant and the defendant in error was plaintiff. For convenience, the parties will be referred to according to the position they occupied in the lower court. The defendant had for sometime been the administrator of the estate of Enos Nichols, deceased, and at the time the suit was filed, the plaintiff claimed to be the executor of the estate of Harriet Nichols Cook, deceased. In the decree of heirship in the Enos Nichols estate, the said Harriet Nichols Cook was found and decreed to be the sole next of kin and heir-at-law of the said Enos Nichols, and entitled to his estate. On August 16, 1912, Mrs. Cook, in due form, declared and published her last will and testament, and therein nominated J. Warren Davis sole executor of her estate. Mrs. Cook departed this life on or about the 13th day of April, 1913, at Salem, N. J., and thereafter her will was admitted to probate in the surrogate court of and for the county of Salem, New Jersey, and the plaintiff was duly appointed and commissioned as sole executor of her will; thereafter, on June 5, 1913, her will was probated by the county court of Pottawatomie county, Oklahoma. An order of partial distribution of the funds of the estate of Enos Nichols in the amount of $45,000 to the heir-at-law of Enos Nichols was made by the county court of Pottawatomie county, and the defendant as administrator of said estate was ordered to disburse said amount to Mrs. Cook. Before the order could be effectuated, Mrs. Cook died, and after the plaintiff was commissioned as executor of her will, the county court of Pottawatomie county directed the defendant as said administrator to disburse said amount to the plaintiff as executor and representative of the Cook estate. In compliance with said order, the defendant on September 19, 1915, drew his check for the amount of $45,000 against the fund of said Nichols' estate under his control as administrator thereof, and payable to the order of J. Warren Davis. executor, and F. H. Reily, his attorney This check was delivered to F. H. Reily, attorney for the plaintiff, on February 11, 1916. The check was received by Reily as attorney for plaintiff and indorsed and deposited in the Shawnee National Bank to the joint credit of Reily and one R. W. Cook. After the $45,000 check was delivered to Mr. Reily and the amount deposited in the bank, there were then gathered together in the office of the defendant, the defendant, S. C. Vinson, T. G. Cutlip, R. W. Cook, and F. H. Reily. The question was then and there discussed as to the amount of fees that should be allowed the defendant as administrator in the Enos Nichols estate. There seems also to have been quite a discussion as to the amount of fees that should be allowed to the attorneys for the plaintiff. Finally, it appears that all these matters were amicably and satisfactorily adjusted, and the $45,000 was then distributed among the parties easily and speedily, the defendant receiving $5,000, as compensation as administrator in the Enos Nichols estate; Mr. F. H. Reily receiving $10,000, presumably as attorney for the executor in New Jersey; Mr. R. W. Cook receiving $5,000; Mr. T. G. Cutlip, $2,500, and Mr. Embry, $4,000. It appears that Mr. Reily wrote the checks and was assisted by Mr. Cook; that is, Mr. Cook would call off the names and amounts for which the checks should be written. After making the foregoing distribution, it appears that three of the special legatees in Mrs. Cook's will were paid $4,000 apiece and the remainder was sent to certain heirs in New Jersey and Philadelphia, but the plaintiff appears to have been entirely ignored.

Upon the conclusion of all the evidence the court found that the plaintiff should have recovered from the defendant the sum of $5,000, with interest thereon, less one-twelfth of said sum of $5,000 in the amount of $416.66, together with interest thereon at the rate of 6 per cent. per annum, from the 11th day of February, 1916, the interest amounting to $473.57, total amount of the judgment against the defendant being

$5.056.91. It would appear that the trial court deducted from the amount to which the plaintiff was entitled the interest of Mr. Cook on the theory that Cook had assigned his interest to Vinson in the transaction wherein the distribution took place, and that such interest so assigned was an advancement and should be set off against his interest when the Cook estate was settled. The assignments of error argued by the defendant are as follows: 1. That the court erred in refusing to enter judgment for the defendant at the close of the plaintiff's testimony and at the close of all the testimony. 2. That the court erred in overruling defendant's motion for a new trial, which was duly excepted to at the time. 3. That the court erred in rendering judgment for the plaintiff and against the defendant for the reason that the defendant in error is without legal capacity to sue or maintain said action.

We are not advised as to the course pursued by plaintiff to recover the various sums paid out of the $45,000, further than this action against the defendant.

Counsel for defendant has been notably industrious in preparing a very able and elaborate brief, in which the facts in the case have been exhaustively discussed, but has entirely overlooked the importance of citing a single authority from our own, or any other court, or any writer, supporting his contentions. Under section 6465, Rev. Laws 1910, the defendant had authority to deliver to the executor of the last will of Harriett Nichols Cook the $45,000, and upon the delivery of the same in accordance with the order of the county court of Pottawatomie county, he was fully discharged in relation to said sum. Under section 245, Id., an attorney has power to receive for his client money claimed by his client in an action or proceeding during the pendency thereof, or afterwards, unless he has been previously discharged by his client, and upon payment thereof, to discharge the claim.

We ascertain from the record that the plaintiff was not present in person at the complete division and disbursement of the $45,000, nor is there the remotest evidence of anything indicating that the plaintiff had the least intimation that in the state of Oklahoma the relation of attorney and client could or would be construed by anyone as giving the attorney, after receiving money for his client, authority to entirely eliminate the client in the transaction, and ignore his interest in the premises, or that the attorney would be empowered to squander, dissipate or give away the funds received for and in the name of the client. Defendant was

bound to know, and we are to presume that he did know, the limitations which the law places on the authority of an attorney. In First State Bank of Indiahoma v. Carr, decided by this court April 24, 1919, 72 Oklahoma, 180 Pac. 856, it is said:

"The authorities are almost uniform to the effect that an attorney, by virtue of his retainer, is authorized to do all things fairly pertaining to the prosecution of his client's cause and the protection of his client's interest involved in the action, but by mere virtue of his retainer, without express authority, is not authorized to bind his client by a compromise of a pending suit, or other matters intrusted to his care."

To the same effect see: Scott v. Moore, 52 Okla. 200, 152 Pac. 823; Turner v. Fleming, 37 Okla. 75, 130 Pac. 551. The plaintiff himself would not have been authorized to make this payment to the defendant. The defendant was the administrator of the estate of Enos Nichols. The services for which he claimed the $5,000 due him were services rendered for the estate of which he was administrator. He was not a creditor, nor did he have any claim against the estate of Mrs. Cook. He had no right to look to that estate for his compensation. Sections 6526 and 6527, Rev. Laws 1910, provide how these fees shall be paid. There was no privity between the estate of Enos Nichols, deceased, and that of Harriet Nichols Cook, nor any privity in the management or control of the two estates. The defendant was under the control and supervision of the county court of Pottawatomie county, Oklahoma, while the plaintiff, as executor, was under the control and supervision of the orphans' court of Salem county, New Jersey. As we have noted, the $5,000 paid defendant was not an indebtedness, or claim against the estate of Harriet Nichols Cook, and the assets of the latter estate could not be diverted to the payment of a claim against the Enos Nichols estate, as was attempted by the parties so assembled and acting on the 11th day of February, 1916. We, therefore, conclude the court was not in error in refusing to enter judgment for defendant at the close of all the testimony.

In the trial of the cause in the lower court, the defendant sought to introduce evidence for the purpose of showing that letters of administration issued to plaintiff by the county court of Pottawatomie county on the estate of Harriet Nichols Cook had been revoked, and that Martin C. Fleming had been appointed as such administrator and his bond fixed at $1,000; and, further, that the defendant and R. W. Cook had resigned as agents appointed by plaintiff for the purpose of securing service on the plaintiff in the

event he was sued in the courts of Oklahoma, and also that the regular county judge had disqualified himself generally in the Harriet Nichols Cook estate by reason of bias and prejudice. We must keep in mind that the plaintiff herein is suing as the executor of the last will and testament of Harriet Nichols Cook by virtue of letters issued to him from the surrogate court of Salem county, New Jersey. Our statutes permitted him to sue in the courts of this state. Section 6312, Rev. Laws 1910, provides:

"It shall be lawful for any person or persons to whom letters testamentary, or of administration, have been granted, by the proper authority in any of the United States or the territories thereof to maintain or defend any suit or action, and to prosecute and recover any claim in the courts of the state of Oklahoma, in the same manner as if the letters testamentary had been granted to such person by the proper authority in this state. * * * "

The plaintiff was not suing as administrator with the will annexed by virtue of any order of the county court of Pottawatomie county, and we are unable to understand how the revocation of the letters issued by the last named court could affect this action, or what connection the resignation of defendant and R. W. Cook, as agents for service, could have with the case at bar. Under section 6263, Rev. Laws 1910, it is provided:

"Every * * * administrator * * * appointed in, but residing out of the state, shall, before entering upon the duties of his trust, in writing, appoint an agent residing in the county where he is appointed, and shall by such writing stipulate and agree that the service of any legal process against him as such * * * administrator, * * * if made on said agent shall be of the same legal effect as if made on himself personally within the state. * * * "

If the plaintiff had appointed these parties for this purpose and suit had afterwards been brought against the plaintiff in the courts of Oklahoma, and service had been had upon the agents appointed by him, notwithstanding they had attempted to resign, no one could take advantage of the service except the plaintiff himself, and it is doubtful if the plaintiff would be allowed to question the service; nor can we see what connection the order entered by the county judge of Pottawatomie county, disqualifying himself to act in any matter involving the estate of Harriet Nichols Cook, could have with the present action.

It is not necessary for us to, at this time, pass upon the liability of the plaintiff to the heirs of Harriett Nichols Cook relative to the $45,000 received by Reily, the attorney for the plaintiff. But when the plaintiff ascertained that any part of this money had been diverted and that the defendant had been paid, or had receive from Reily, the $5,000 with no authority from the plaintiff to Reily to pay this sum, the plaintiff was the proper party to bring the action to recover the sum so diverted. There is no attempt to show that the letters issued to the plaintiff as executor by the courts of New Jersey had been revoked. It therefore, follows that he was still the executor of the last will and testament of Harriet Nichols Cook, and the defendant, without right, having received $5,000, being part of the assets of the estate under the control of plaintiff, it follows that plaintiff was the proper party to bring this action. Section 6303, Rev. Laws 1910.

We fail to find error in the action of the court in sustaining the objection to the evidence sought to be introduced by the defendant. We are, therefore, of the opinion that the judgment of the lower court should be affirmed, and it is so ordered.

OWEN, C. J., and KANE, SHARP, HARRISON, JOHNSON, and McNEILL, JJ., concur; RAINEY and HIGGINS, JJ., absent and not participating.