**COLLINS et al. v. McDOWELL et al.**

No. 11259—Opinion Filed Jan. 31, 1922.

(Syllabus.)

**1. Judgment—Methods of Attack—Appeal—Vacation—Time for Proceeding.**

Judgments of the district courts of this state, prima facie valid upon their face, can be successfully attacked only directly by an appeal within the time and manner provided by law or by motion or petition to vacate or modify the same as provided under section 5267, Rev. Laws 1910, during the three years following the rendition of a judgment and not afterward. unless there be special reasons in the particular case why the statutory remedy is inadequate.

**2. Same—Motion to Vacate—Denial—Affirmance.**

Record examined, and held, that the judgment of the trial court should be affirmed, and it is so ordered.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Proceeding by Carrie Duncan Collins and others against Corinne V. McDowell and others to vacate judgment. Motion to vacate overruled, and movants bring error. Affirmed.

Sigler & Jackson and H. A. Ledbetter, for plaintiffs in error.

Jas. A. Veasey, C. M. Oakes, Walter Davidson, and R. A. Heffner, for defendant in error Carter Oil Company.

Potterf & Gray and Everest, Vaught & Brewer, for defendants in error Corinne V. McDowell and F. L. Ramsey.

JOHNSON, J. The record discloses that in the year 1907, and prior to that date, John W. Duncan was the owner of two tracts of land. one of which was situated in Love county and the other in Carter county, Okla., and that he and his wife, Carrie Duncan, had executed a mortgage covering said land to secure the payment of a promissory note to one Crilly, who assigned the note and mortgage to S. J. Hill, and that thereafter, on December 13, 1907, Hill commenced an action in the district court of Carter county against John W. Duncan and Carrie Duncan, and that on the 19th day of March, 1908, without any appearance on behalf of either of the defendants, a judgment by default was entered in said cause; that thereafter two orders of sale were issued, one directed to the sheriff of Love county, and the other directed to the sheriff of Carter county, Okla.; that the land was sold in pursuance of said orders of sale, and that S. J. Hill, the plaintiff, became the purchaser thereof, which sale was duly confirmed by the court; and soon thereafter she sold the land in controversy to her daughter, Corinne V. McDowell. The sheriff's deed to the Carter county land to S. J. Hill was issued and delivered to the purchaser on the 24th day of December, 1908, and duly recorded in Carter county on October 6, 1909. Her deed to her daughter, Corinne V. McDowell, was dated November 23, 1912, and on the 10th day of January, 1917, Corinne V.

McDowell executed to the Carter Oil Company an oil and gas lease on the land situated in Carter county, which was duly recorded. On or about October 21, 1910, John W. Duncan, the principal defendant in said cause, died, leaving Carrie Duncan, hereafter referred to as Carrie Duncan Collins, and his minor children, Howard Duncan and Lucy Duncan, as his sole heirs. After the sale of said land under the judgment as aforesaid, and prior to the death of John W. Duncan, the defendants vacated the land and yielded the possession thereof to the purchaser, and thereafter they rented the Love county tract from the said Hill and her grantee, Corinne V. McDowell, for several years, and John Duncan assisted in his lifetime in the collection of the rent from their tenants, and at no time during his life did he take any steps to recover the property.

On the 11th day of July, 1919, Carrie Duncan Collins, Howard Duncan, and Lucy Duncan filed a motion in the original foreclosure proceeding in Hill v. Duncan, case No. 12, in the district court of Carter county, to vacate the judgment entered in said cause on the 19th day of March, 1908, and at the time of the filing of such motion Corinne V. McDowell was the owner of both tracts, the real property in question, and the defendant in error F. J. Ramsey was the owner of an oil and gas lease upon ten acres of the Carter county tract.

The respondents, defendants in error, Corinne V. McDowell, F. J. Ramsey, and the Carter Oil Company were not parties to the original action in foreclosure, and the only party to this proceeding who was a party to the original action is the said Carrie Duncan Collins, and any interest which she may have in the property in question was inherited from her husband, the said John W. Duncan, after the foreclosure and sale of the property under the judgment sought to be vacated by this proceeding.

The parties moved for the vacation of the judgment upon the grounds (a) that no summons was ever served upon the defendants in the original action; (b) that the plaintiff in said action had made certain fraudulent representations to the court; (c) that summons was issued in the original action, made returnable on December 24th, and not served until December 28th, which was after the return date noted in the summons; (d) that the officer making the service was not qualified to make a valid service of summons.

No attempt was made to establish the charge of fraud on the court, and it was later admitted that the officer was qualified to make service of summons. The only one of these contentions relied upon by the movants was that the summons was served after the return day.

Upon the trial of the motion to vacate the original judgment, and at the conclusion thereof, the trial court rendered a judgment in favor of the defendants, to reverse which this proceeding in error was commenced.

The plaintiffs in error assign as error the action of the court in overruling the motion to set aside the judgment complained of, and the failure of the court to sustain said motion and set aside said judgment, concerning which counsel for plaintiffs in error say in their brief:

"For the purpose of this argument we will assume that the summons was served after the return day, * * * and it is our contention that if the summons was served after the return day, it is absolutely void and confers no jurisdiction on the court."

Counsel cite section 4711, Rev. Laws 1910, in support of their contention, which provides that "service should be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over 15 years of age at any time before the return day"; and an excerpt from the case of Cohen v. Cochran Gro. Co., 70 Oklahoma, 173 Pac. 642, holding that leaving a copy at his usual place of business with his business manager is insufficient to confer jurisdiction of the person. We think these citations have no application to the question involved. That the summons being served after the return day thereof, the judgment is void, is the sole question involved, it being assumed by counsel that summons was served, and was served after return day mentioned thereon.

Counsel cite decisions from other jurisdictions that are more or less in point, which it will not be necessary to discuss, for the reason that we think the decisions of this court conclusively settle the question involved against the contentions of counsel for plaintiffs in error that the judgment sought to be vacated is void because the summons was had upon the defendant after the return day, and that the judgment may be attacked by motion to vacate the same at any time, as provided in section 5274, Rev. Laws 1910, wherein it is said:

"A void judgment may be vacated at any time on motion of a party or any person affected thereby."

It will be observed that the judgment sought to be vacated was rendered by the district court of Carter county on the 19th day

of March, 1908, and that the motion of the plaintiff in error to vacate the same was filed in such cause in said court on the 11th day of July, 1918, 11 years, three months, and 22 days after the judgment was rendered, and about eight and a half years after the death of John W. Duncan, and more than five years had elapsed after the filing for record and recording of the sheriff's deed.

In answer to the contention of counsel for plaintiffs in error, counsel for defendants in error say in their brief:

"The time has passed within which the judgment in question can be successfully attacked in a proceeding of this character, unless the same is utterly void upon the face of the record. This proposition is perhaps self-evident, and it will be but briefly argued.

"Section 5267, Revised Laws 1910, with its nine subdivisions, sets forth the circumstances under which the district court shall have power to vacate or modify their own judgments or orders. Sections 5268 and 5269, Id., set forth the procedure under which such judgments may be attacked upon the grounds set forth in section 5267; and section 5271 provides as follows: 'A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or, if the plaintiff seeks its vacation, and there is a valid cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment.'

"Section 5274, Id., provides a limitation of one, two, and three years within which judgment may be so attacked, and further provides that a void judgment may be vacated at any time.

"Since the movants made no attempt to establish their allegation of fraud, and abandoned same at the trial, it appears that the third subdivision of section 5267 of the statute states the only ground upon which a judgment could possibly be attacked for defective service, such as is complained of; but it can readily be seen that the attack will not lie under that subdivision, nor under any other subdivision of the said section 5267, by reason of the requirements of section 5271 of the statute, supra, and the limitations set forth in section 5274 of the statute, unless the judgment is void."

The judgment sought to be vacated contained the following recital:

"On this the 19th day of March, 1908, came on to be heard the above entitled cause, the plaintiff, S. J. Hill, appearing by her attorney, announced ready for trial and the defendants, John W. Duncan and Carrie Duncan, although duly summoned, as required by law, appeared not, but wholly made default."

So, it is quite obvious, in view of the record, the question for our determination here is, Was the judgment sought to be vacated, void? That question was so thoroughly discussed and fully considered by this court in the recent case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, that we deem it unnecessary to cite any other opinions of this court than that case or any other authorities than those collected therein by Mr. Justice Ramsey in his very elaborate opinion in said case. And the rules controlling the question here involved were clearly stated in the syllabus of that opinion as follows:

"5. Relief based on extrinsic evidence may be had against a judgment rendered without service of process, under the third subdivision of section 5267, Rev. Laws 1910, empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made, on account of 'irregularity in obtaining a judgment or order.'"

"6. If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment for want of service of process, the motion to vacate must be presented within three years following the rendition of the judgment or order, as provided for in section 5274, Rev. Laws 1910."

"7. The remedy provided by the third subdivision of section 5267 Rev. Laws 1910, for vacating a judgment rendered without personal or constructive service of process, is exclusive of relief in equity during the three years following the rendition of the judgment, unless there be special reasons in the particular case why the statutory remedy is inadequate."

"10. A judgment which is void upon its face, and requires only an inspection of the judgment roll to demonstrate its want of validity, is a 'dead limb upon the judicial tree, which may be lopped off at any time;' it can bear no fruit to the plaintiff, but is a constant menace to the defendant, and may be vacated by the court rendering it 'at any time, on motion of a party, or any person affected thereby,' either before or after the expiration of three years from the rendition of such void judgment. Such motion is unhampered by a limitation of time."

"11. A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void, in the legal sense, for the want of jurisdiction unless its invalidity appears on the face of the record. Edwards v. Smith, 42 Okla. 544, 142 Pac. 302, followed.

"16. Sound public policy, the stability of solemn judgments of courts, and the security of litigants, demand that neither the officer's sworn return, nor the recital of service in the judgment based thereon, shall be set aside or contradicted except upon the most clear, cogent, and convincing evidence."

"19. This court declines to follow or adhere to those decisions holding that a judg-

ment valid on its face, rendered without service of process or appearance of defendant, may be vacated at any time on motion."

"33. A record preserved under the provisions of sections 5144 to 5146, inclusive, Rev. Laws 1910, directing the clerk upon order of the court to make a complete record of every cause as soon as it is finally determined, same to contain 'the petition, the process, the return, the pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court,' is equivalent to the judgment roll at common law, which signified a roll of parchment upon which the proceedings and transactions of a court were entered by its officers, and which was then deposited in the court's treasury in perpetuam rei memoriam."

The judgment of the trial court herein, as shown by the journal entry, was as follows:

"In relation to the motion of the movants to vacate the judgment heretofore entered in this cause upon the grounds therein stated, and under the pleadings filed by the parties to this proceeding in reference thereto, the court finds in favor of said respondents and against the said movants, and that the said motion to vacate said judgment should be and the same is hereby overruled, to which ruling of the court the said movants and each of them duly except, and for which said decree of the court the said movants give notice of appeal to the Supreme Court of the state of Oklahoma.

"It is further ordered and adjudged that the said respondents recover their just and proper costs."

We think the judgment of the trial court was correct, and should be affirmed. We find, and so hold, that the judgment sought to be vacated by the motion of the movants herein was, upon its face, prima facie valid, and therefore was subject to attack only directly by appeal within the time and in the manner provided by law, or by motion or petition to vacate or modify the same in accordance with the rule announced by this court in the case of Pettis v. Johnston, supra, in paragraph 7 of the syllabus, which is as follows:

"The remedy provided by the third subdivision of section 5267. Rev. Laws 1910, for vacating a judgment rendered without personal or constructive service of process, is exclusive of relief in equity during the three years following the rendition of the judgment. unless there be special reasons in the particular case why the statutory remedy is inadequate."

For the reasons stated, the judgment of the trial court is affirmed.

PITCHFORD. V. C. J., and McNEILL, MILLER, and KENNAMER, JJ., concur.