## WALKER v. GULF PIPE LINE CO.

No. 12581—Opinion Filed April 29, 1924.

Rehearing Denied June 24, 1924.

(Syllabus.)

1. **Attorney and Client—Power to Compromise Case—Vacation of Judgment.**

The general rule is that an attorney has no power or authority to compromise or settle a case without express or implied authority, and where a judgment is based upon such compromise, said judgment may be set aside and vacated in the same manner as other judgments may be vacated by the aggrieved client when application is promptly presented.

2. **Judgment — Vacation for Unavoidable Casualty—Diligence.**

In order to vacate a judgment on the grounds of unavoidable casualty or misfortune, it must appear that the complaining party was not guilty of negligence in allowing the judgment to be taken, and that no proper diligence on his part could have prevented said judgment.

3. **Same—Refusal to Vacate Judgment Sustained.**

Record examined, and held, that the judgment of the trial court in refusing to vacate said judgment, upon the ground that the plaintiff himself had not shown due diligence or exercised reasonable and ordinary care in the prosecution of his case, is not clearly against the weight of the evidence and is therefore affirmed.

Error from District Court, Tulsa County; W. B. Williams, Judge .

Petition by William L. Walker to vacate judgment against the Gulf Pipe Line Company. Petition denied, and Walker brings error. Affirmed.

Robinson & Mieher, for plaintiff in error.

Jas. B. Diggs, Wm. C. Liedtke, and Redmond S. Cole, for defendant in error.

McNEILL, J. On October 2, 1920, William L. Walker, the plaintiff in error, herein, filed his petition in the superior court of Tulsa county, in the case of William L. Walker v. Gulf Pipe Line Company, to vacate the judgment rendered in said action on the 31st day of October, 1919. The petition to vacate alleged that the judgment was erroneous, irregular, and void, and that the plaintiff was prevented by unavoidable casualty and misfortune from prosecuting said action, to wit: That the judgment was rendered on account of a stipulation and agreement entered into between the attorneys for plaintiff and attorneys for defendant, agreeing that judgment should be entered for $750, which was less than plaintiff sued for, and said stipulation and agreement was entered into without any authority of attorneys for plaintiff and without the plaintiff's knowledge or consent. It is further alleged that in accordance with said agreement and stipulation the journal entry of judgment was prepared and agreed to by the attorneys and presented to the judge, who was ignorant of the fact that the attorneys had no authority to compromise said cause, and said judge signed said journal entry of judgment. Thereafter there was filed a satisfaction of said judgment signed by attorneys for plaintiff. The petition to vacate was tried to the court and judgment rendered denying said petition. From said judgment, the plaintiff has appealed.

It is not contended that any of the irregularities complained of are disclosed on the face of the record, nor does the record disclose that the judgment was entered by agreement of parties or upon stipulation or by virtue of a compromise. Under the holdings of this court, the judgment, therefore, is not void, but at most could only be voidable. See Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681; Collins v. McDowell, 85 Okla. 21, 204 Pac. 276.

The law is also well settled in this state that a judgment valid upon its face can be successfully attacked only within the time and manner provided by law, or by motion or petition to vacate or modify the same as provided in section 810, Comp. Stats. 1921. See Collins v. McDowell, 85 Okla. 21, 204 Pac. 276. The allegations of the petition seeking to vacate the judgment are grounds that come within subdivision 7 of section 810, Comp. Stats. 1921.

It is practically conceded that the attorneys for the plaintiff had no express or implied authority to compromise the suit or to agree to a judgment for less than the full amount sued for. The plaintiff in error contends, this fact being undisputed, then, under the decisions of this court, that the court committed error in refusing to vacate said judgment, citing Turner v. Fleming, 37 Okla. 75, 130 Pac. 551; Scott v. Moore, 52 Okla. 200, 152 Pac. 823; First State Bank v. Carr, 72 Oklahoma, 180 Pac. 856; Vinson v. Davis, 76 Okla. 43, 183 Pac. 902. The defendant in error concedes the general rule to be that

an attorney cannot compromise or settle a suit without express or implied authority, but contends there is as least one exception to the general rule, which is stated in 6 C. J. 659, as follows:

"The only exceptions to this rule are in cases of emergency when prompt action is necessary to protect the interests of the client and there is no opportunity for consultation with him, or in rare instances, where the nature of the business is such that a power to compromise may be inferred. * * *."

The defendant in error further contends that before the court will vacate a judgment under subdivision 7 of section 810, Comp. Stat. 1921, the party seeking to have said judgment vacated must first show that he has a valid cause of action; second, that he has not been guilty of negligence in prosecuting his claim. The defendant then contends, and correctly so, that the judgment of the trial court in denying the petition to vacate is a finding of fact, first, that under the facts and circumstances, an emergency existed which would justify the attorneys to compromise said suit; and, second, a finding of fact that plaintiff had been guilty of such negligence as would prevent him from vacating and setting aside said judgment.

The question for consideration is whether the findings of the trial court are clearly against the weight of the evidence, when the proper rule of law is applied to the facts. Without discussing or considering the question of an emergency, or without determining whether an attorney may settle and compromise a case where an emergency exists, we will consider only the second proposition. In the case of Turner v. Fleming, supra, this court stated as follows:

"Where an attorney makes a compromise or settlement of a cause, without any authority so to do, and causes an order of dismissal" as per stipulation "based on such settlement to be entered. such order may be set aside and vacated, upon the application of his aggrieved client promptly presented."

It will be noticed that the court in the syllabus announced the rule as follows:

"Such order may be set aside and vacated upon the application of his aggrieved client promptly presented."

Let us look to the facts in the case at bar, and see if plaintiff has acted promptly. The record disclosed that the plaintiff first filed a suit in 1910 in the district court of Tulsa county. The cause came on for trial on February 6, 1914, and after introducing certain evidence the plaintiff dismissed his case without prejudice. Thereafter, on the same day, the plaintiff commenced a new action

in the same court based upon the same facts, seeking to recover $15,000 as damages for personal injuries. A demurrer was filed to the petition and an amended petition filed. Upon motion, the action was transferred to the superior court of Tulsa county. On April 19, 1919, the defendant filed its answer. The case was regularly set for trial on October 15, 1919, but the case was stricken from the assignment and reassigned for trial on October 30, 1919. October 31, 1919, judgment was rendered in favor of plaintiff and against the defendant for $750. On the 20th day of November, 1919, there was filed a satisfaction of judgment. There is very little dispute in the evidence regarding the facts in the case. The plaintiff testified, in substance, that in 1914, when the cause was refiled, he advised his attorney to notify him when he was needed and advised them to call his brother-in-law, a Mr. Hull, who had an office in Tulsa; that he himself was working on an oil and gas lease some ten or twelve miles distance from Tulsa. He further testified that he had worked on the lease for several years; that he had also worked at Chelsea and at Nowata a while, and a part of the time he lived in Tulsa. That he never called upon his attorneys nor inquired of them regarding the case, although his attorneys lived in Tulsa, and the first inquiry he ever made regarding his case was sometime about the 1st of September, 1920, when he instructed his attorney in the present case to look up and see what had become of his case. He further testified that he was in Tulsa many times after February 1914, but never made any inquiries from his attorneys, nor advised them at any time after February, 1914, regarding his address, and admitted he never heard from his attorneys. His attorneys testified that they had not heard from the plaintiff since the filing of the second suit in 1914; that they did not remember of the plaintiff instructing or advising them to call his brother-in-law's office in Tulsa; that the members of the firm had changed, but Mr. Murry, who looked after the case, wrote several letters to the defendant, addressed them to general delivery at Tulsa; that he heard plaintiff might be at Chelsea or at Nowata and wrote letters to those places, and made inquiry from persons who he believed would know, but was unable to locate said plaintiff; that being unable to locate him, he obtained a continuance the first time the cause was set, and when the case was set the second time, he was unable to locate the plaintiff, and received an offer of a compromise of $750, and, having been unable to locate said plaintiff, he consulted Mr. Moss, who was a member of the

firm when the case was filed and also interested in the fee, and they discussed the fact of having heard nothing from plaintiff for five years, and not knowing how to locate plaintiff, they accepted the offer. That Mr. Murry received the amount of the judgment, and under their contract was to receive one-third of the fee: he deducted their fee from the amount collected and divided with Mr. Moss. Mr. Murry then bought a cashier's check for the balance, and had the check made payable to himself as trustee, and placed it in his safe with a statement reciting the facts regarding the case, and that the cashier's check was for Walker if he should ever call for the same. That they never heard from Mr. Walker from the time of filing the case until the attorneys for plaintiff in this action inquired regarding the disposition of the case. That they offered Mr. Walker the cashier's check for $500, but he refused to accept the same.

This court in the case of Forest v. Appleget, 55 Okla. 515, 154 Pac. 1129, stated as follows:

"In a proceeding to vacate a judgment under subdivision 7 of section 5267, Rev. Laws 1910, on the ground of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party is not himself guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment."

The above cases have been cited and approved by this court in the case of Baker et al. v. Hunt, 66 Okla. 42, 166 Pac. 891, and Hutchings et al. v. Zumbrunn, 81 Okla. 226, 208 Pac. 224. In the last case cited, this court in the body of the opinion stated:

"In order to vacate a judgment on the grounds of unavoidable casualty or misfortune, it must appear that the complaining party was not himself guilty of negligence in allowing the default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment."

Can it be said that a party has used due diligence in the prosecution of his case when he knew the case was filed in 1914, and he made no inquiry from his attorneys regarding the progress of his lawsuit for six years, and in 1919, whether through negligence of the attorneys or not, they were unable to locate plaintiff and had not heard from him for five years, when they compromised the suit, and in fact they heard nothing from plaintiff until one year after the judgment had been rendered, or six years after the same was commenced? Under this state of the record, we think the finding of the court is amply supported by the evidence, that the

plaintiff himself was guilty of such negligence, and failed to exercise reasonable and proper diligence in the prosecution of his cause, as will prevent him from vacating a judgment rendered in said action.

For the reasons stated, the judgment of the trial court is affirmed.

COCHRAN, BRANSON, HARRISON, MASON, and WARREN, JJ., concur.