2008 OK CIV APP 74

**Ann HAYS, an Individual, Plaintiff/Appellant,**

v.

**MONTICELLO RETIREMENT ESTATES, L.L.C., an Oklahoma limited liability company, with trade name of Jefferson's Garden Assisted Living and Jefferson's Garden Assisted Living Center and Edmond Realty Development Company, L.L.C., an Oklahoma limited liability company d/b/a Edmond Realty Development Corporation, Defendants/Appellees.**

No. 104,889.

Court of Civil Appeals of Oklahoma, Division No. 4.

July 23, 2008.

C. Craig Cole, Michael W. Speck, C. Craig Cole & Associates, Oklahoma City, OK, for Plaintiff/Appellant.

Craig E. Brown, BROWN & ROBERTS, P.C., Oklahoma City, OK, for Defendants/Appellees.

DOUG GABBARD II, Presiding Judge.

¶ 1 Plaintiff, Ann Hays, appeals the trial court's order sustaining a motion to enforce a settlement agreement filed by Defendants, Monticello Retirement Estates and Edmond Realty Development Company. Because there are material questions of fact in dispute, we reverse and remand for further proceedings.

## FACTS

¶ 2 In 2003, Plaintiff sued Defendants regarding an employment agreement. Plaintiff was represented by attorney Evan B. Gatewood (Attorney). In July 2005, lawyers for both sides negotiated a settlement. In early August, they produced a written settlement agreement. Defendants signed the agreement and drafted checks pursuant to its terms. However, Plaintiff refused to sign the agreement.

¶ 3 Defendants filed a motion to enforce the agreement, asserting Attorney told them Plaintiff had initially agreed to the terms but was now refusing to sign. A few days later, Attorney filed a motion to withdraw as Plaintiff's counsel. Plaintiff hired new counsel and filed a response, asserting that she had *never* agreed to the terms of the settlement agreement and that it was "remarkably different" than the terms and conditions she had discussed with her lawyer. Plaintiff characterized the agreement as an offer, which she rejected. Defendants responded that Plaintiff's lawyer, as her authorized agent, had authority to bind her.

¶ 4 By stipulation, the parties agreed to the following testimony:

*Defendants' attorney:* Plaintiff's Attorney never indicated to Defendants that he was limited in any way in negotiating a settlement; Defendant's attorney offered $50,000 to settle the case, and Plaintiff's Attorney stated Plaintiff had agreed to settle for that amount plus certain property; the two lawyers finalized the terms of the settlement; and Plaintiff's Attorney later said that Plaintiff was refusing to settle.

*Plaintiff's Attorney:* Plaintiff's Attorney told Defendants' attorney that he believed unequivocally he had authority to settle the case; Plaintiff authorized him to settle for $50,000 with a guarantee and a retention of the agreed property; he informed her that attorney fees and costs would be taken out of the settlement amount; and when they met

to review the agreement, she was not agreeable to it.

*Plaintiff:* Plaintiff did not authorize her attorney to negotiate a settlement without her being present; she instructed him to solicit settlement proposals but expected him to discuss those with her; and he was not authorized to enter into a settlement without her approval.

¶5 The trial court sustained Defendants' motion to enforce the settlement agreement. Plaintiff appeals.

## STANDARD OF REVIEW

¶6 A motion to enforce a settlement agreement is treated as a motion for summary judgment. *Russell v. Bd. of County Comm'rs of Carter County*, 2000 OK CIV APP 21, ¶7, 1 P.3d 442, 445. However, whether a settlement agreement has been reached, which was not an issue in *Russell*, may be a question for the jury. *Id.* at n. 8.

## ANALYSIS

¶7 Plaintiff asserts the trial court erred in granting the motion to enforce the settlement agreement because an attorney cannot settle a suit without his client's consent and because there is a substantial dispute as to whether Plaintiff gave such consent to Mr. Gatewood.

¶8 Plaintiff correctly asserts that an attorney has no implied authority to compromise or settle a lawsuit. In *Scott v. Moore*, 1915 OK 850, ¶1, 152 P. 823, 824, the Supreme Court stated:

An attorney has no authority to compromise a matter in his hands as attorney, without the specific authority of his client. Any settlement so made is without authority of law and void; and, where the client denies that the attorney was given authority to compromise such claim, the burden is upon the attorney to show by a preponderance of the evidence that he was given such authority; or that the client, after the making of such compromise, with full knowledge of the compromise, approved it, or received the benefits thereof.

¶9 These principles have been reaffirmed in numerous Oklahoma cases, including *Turner v. Fleming*, 1913 OK 155, 37 Okla. 75, 130 P. 551; *Mass. Bonding & Ins. Co. v. Vance*, 1918 OK 372, 74 Okla. 261, 180 P. 693; *Inc. Town of Wainwright v. Eureka Fire Hose Mfg. Co.*, 1923 OK 315, 92 Okla. 75, 218 P. 306; *Walker v. Gulf Pipe Line Co.*, 1924 OK 515, 102 Okla. 7, 226 P. 1046; *Nat'l Valve & Mfg. Co. v. Wright*, 1951 OK 381, 205 Okla. 571, 240 P.2d 766; *Keel v. Miller*, 1958 OK 39, 323 P.2d 986; *Yahola Sand & Gravel Co. v. Marx*, 1960 OK 206, 358 P.2d 366; and *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, 121 P.3d 1080.

¶10 Here, the agreed stipulation of facts clearly indicates the existence of a substantial dispute as to whether Plaintiff authorized her attorney to enter into a settlement agreement on her behalf. When material facts are in dispute, summary judgments or orders to enforce settlement agreements may not be granted.

¶11 Nevertheless, Defendants argue that Plaintiff should be bound by the settlement agreement even if her attorney did not have the authority to settle the matter because, as her agent, he had *apparent authority* to bind her. They rely primarily on *Crisp, Courtemanche, Meador & Associates v. Medler*, 1983 OK CIV APP 11, 663 P.2d 388.

¶12 In *Crisp*, a court reporting business sued a litigant for the cost of a transcript. The litigant's attorney ordered the transcript, but the litigant asserted the attorney exceeded his authority by ordering more portions of the transcript than was necessary. The trial court granted summary judgment to the court reporting business. On appeal, another division of the Court of Civil Appeals affirmed, noting that the attorney-client relationship is one of agency, citing *Moran v. Loeffler–Greene Supply Company*, 1957 OK 149, 316 P.2d 132. It further reasoned that since the ability to incur "ordinary, necessary and incidental expenses" is normally contained within the scope of an attorney's employment, the attorney-client relationship created apparent authority in the attorney to bind his client for those expenses, even though his actual agreement with the client

might be otherwise. *Id.* at ¶ 8, 663 P.2d at 390.

¶ 13 *Crisp* is distinguishable from the present case. *Crisp* stands for the proposition that since the power to incur costs is normally contained within the scope of an attorney's employment, third parties could reasonably believe that the attorney had such authority, absent information otherwise. However, the power to settle or compromise lawsuits is not usually contained within the scope of an attorney's employment, and third parties would not be justified in believing that an attorney had such authority merely by virtue of his or her representation.

¶ 14 To show apparent authority to settle a case, Defendants must prove more than the mere existence of an attorney-client relationship. They must show: 1) conduct of the principal [Plaintiff] which would reasonably lead the third party [Defendants] to believe that the agent [Plaintiff's Attorney] was authorized to act on the principal's behalf; 2) reliance thereon by the third party; and 3) change of position by the third party to his detriment. *See Sparks Bros. Drilling Co. v. Texas Moran Exploration Co.,* 1991 OK 129, ¶ 17, 829 P.2d 951, 954. The existence of actual authority between principal and agent is "not a prerequisite to establishing apparent authority." *Stephens v. Yamaha Motor Co., Ltd.,* 1981 OK 42, ¶ 8, 627 P.2d 439, 441. However, when it is absent, apparent authority usually results "from a manifestation by the principal to a third person that another is his agent." *Id.* In other words, the apparent power of an agent must be determined by the acts of the principal, and not by the acts of the agent. Here, the agreed stipulation fails to present such proof.

## CONCLUSION

¶ 15 In summary, an attorney has no authority to compromise or settle a matter entrusted to the attorney without the specific authority of the client. Any settlement so made is without authority of law and is void. Where the client timely denies that the attorney was given authority to compromise such claim, the burden is upon the party seeking to enforce the settlement to show, by a preponderance of the evidence, that the attorney was given such authority, or that the client, after the making of such compromise or settlement, ratified it by approving it or receiving the benefits thereof, or that the client manifested to the other party prior to the settlement that the attorney had apparent authority and that the other party relied upon those manifestations to his or her detriment. Here, because material facts are in dispute, the trial court erred in granting the motion to enforce the settlement agreement. Plaintiff's request for costs and attorney fees is denied due to her failure to meet the requirements of 12 O.S. Supp.2007 § 696.4(C).

¶ 16 Accordingly, the order is reversed and remanded for further proceedings.

¶ 17 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, C.J., and BARNES, J., concur.